No. 15.—ROBERT TAYLOR, plaintiff in error, vs. ALLEN GAY, defendant.   GAY vs. TAYLOR.

[1.] The effect of a *certiorari*, is to stop the case at the stage the case is at when the *certiorari* is served on the Magistrate—not to move the case backwards.

[2.] The writ of *certiorari* lies to Justices of the Peace that sat as a Court to try a case of forcible entry and detainer.

[3.] That the affidavit in support of a petition for a *certiorari* is insufficient, is no ground for dismissing the *certiorari* on a motion made after the *certiorari* has been answered, if the answer supports the petition.

[4.] There being no such thing as "condemnation money," in a forcible entry and detainer case, founded on the 15th section of the 9th division of the Penal Code, the certificate of the Justices as to the payment of the costs need not say anything about the giving of a bond for "eventual condemnation money."

[5.] The Act of 1850, "to amend the several laws of this State in relation to writs of *certiorari*," applies only to the Justice's Courts of the several districts in the State.

Certiorari, in Early Superior Court.   Decided by Judge KIDDOO, March Term, 1856.

Allen Gay, senior, instituted proceedings before the Justices of the Peace of the 854th district, G. M. of Early Co. against Robert Taylor, to recover possession of lot of land No. 47, in the 6th dist. of said county, charging the said Taylor with a *forcible entry* on said lot.   On the 1st day of September, 1855, a Jury having been summoned and impanneled, the case came on to be tried before said Justices, when a motion was made by Counsel for Taylor, to dismiss the proceedings on several grounds; all of which were overruled by said Justices.   The parties then introduced evidence before the Jury, who retired and found a verdict in favor of Gay.   Taylor then sued out a petition for *certiorari*, addressed "to the Honorable DAVID KIDDOO, Judge of the Pataula Circuit," praying that said Justices might be required to send up the proceedings in said case for review and cor-

rection.   To this petition for *certiorari* was appended the following affidavit:

" GEORGIA, EARLY COUNTY:

Before me, William J. Cheshire, a Justice of the Peace in and for said county, personally came Robert Taylor, who being duly sworn deposeth and saith that the facts set forth and contained in the foregoing petition, are true, as he is informed, he not having been present at the trial or either of them.        (Signed)              ROBERT TAYLOR.

Sworn to and subscribed before me this 27th Feb. 1856.
(Signed) WILLIAM J. CHESHIRE, J. P."

The following certificate was also appended to said petition:

" GEORGIA, EARLY COUNTY:

I, George W. Cleland, one of the Justices of the 854th district, G. M. certify that in the case of forcible entry brought by Allen Gay *vs.* Robert Taylor, in which judgment was rendered for plaintiff, that defendant has paid all costs and given bond and security for future costs.   Given under my hand and official signature, this Sept. 4th, 1855.
        (Signed)            G. W. CLEAVELAND, J. P."

On the 27th of February, 1856, said petition for *certiorari*, together with said affidavit and certificate, was presented to Judge KIDDOO, who issued a writ of *certiorari* directed to said Justices, the commandatory part of which is as follows:

" We therefore command you, under the penalty of disobedience to our writ, that you certify and send up to the Superior Court to be holden in and for the County of Early, on the third monday in March next, all the facts in said cause, with all the proceedings touching the same; and in the meantime, let all proceedings be suspended, and have

you then and there this writ. Given under my hand and seal this 27th day of February, 1856.

(Signed) DAVID KIDDOO, Judge S. C. P. C."

On the 29th day of February, 1856, Allen Gay, Jr. one of said Justices, signed a written acknowledgment of service of said petition and writ, and on the 1st of March, 1856, G. W. Cleaveland, the other of said Justices, did likewise.

At the March Term, 1856, of Early Superior Court, the answers of said Justices to said *certiorari* having been filed in Court, the case was called up for trial, when Counsel for Allen Gay, sen. moved to dismiss said *certiorari* on the following grounds:

1st. Because a *certiorari* does not lie in this case, the proceeding in the Court below being for forcible entry—the same being a summary proceeding.

2d. Because, under the Act approved February 21st, 1850, the same should have been directed to the Superior Court of said county, and not "to the Honorable DAVID KIDDOO, Judge of the Pataula Circuit."

3d. Because the affidavit upon which it was granted, was insufficient.

4th. Because the certificate of George W. Cleaveland, of cost paid and bond given, was insufficient.

5th. Because there was no writ or process of the Clerk of the Superior Court directed to the Justices of the Peace, directing them to certify and send up the proceedings in the case to the next Superior Court.

6th. Because there was no service of the same by the party applying for the same, by the Sheriff, his Deputy or any Constable, fifteen days before the term of the Court to which the return was made.

7th. Because said *certiorari* was improvidently granted.

The Court over-ruled the motion to dismiss said *certiorari*, and Counsel for Gay excepted and now assigns the same as error.

HOOD & ROBINSON, for plaintiff in error.

DOUGLASS & DOUGLASS; R. H. CLARK, representing R. F. LYON, for defendant.

Motion, in Early Superior Court. Decided by Judge KID-DOO, March Term, 1856.

Robert Taylor being in possession of lot of land No. 47, in the 6th district of Early County, Allen Gay instituted proceedings against him on a charge of *forcible entry* on said lot. A trial was had thereon, and resulted in a verdict in favor of Gay. Whereupon, Taylor applied for and obtained a writ of *certiorari* from the Judge of the Superior Court, directing the Justices who presided in said trial, to send up the proceedings for review and correction. In the interval, however, between the trial and the granting the petition for *certiorari*, Gay had sued out a writ of possession founded on the judgment obtained on the trial of the charge of forcible entry; and the Sheriff, by the authority thereof, had ousted Taylor and put Gay into possession of a portion of said lot, upon which Gay had built a small cabin and placed his son in the occupancy of the same. At March Term, 1856, of Early Superior Court, Counsel for Taylor brought these facts to the notice of the Court, as well as the further fact that said *certiorari* was still pending and undetermined; and moved the Court that the possession of said lot be restored to said Taylor until a hearing could be had on the merits of the *certiorari*, and the judgment of the Court pronounced thereon. The Court over-ruled the motion, and Counsel for Robert Taylor excepted, and now assigns the same as error.

W. C. PERKINS; DOUGLASS & DOUGLASS, for plaintiff in error.

HOOD & ROBINSON, for defendant.

Taylor *vs.* Gay.

*By the Court.*—BENNING, J. delivering the opinion.

These two cases were considered together.

[1.] In the first, that of Taylor *vs.* Gay, the only question is, whether Taylor's motion for restoration of possession, was properly over-ruled?

And we think it was.· Every thing done *after* a *certiorari* has been delivered to the Magistrate to whom it is directed, is void. Things done before remain as they are. (*Com. Dig.* " *Certiorari*," (*E*); *Mayor of Macon vs. Shaw*, 14 *Ga. Rep.* 162.)

Taylor had been dispossessed before the *certiorari* was delivered to the Justices.

So, we affirm the decision in this case.

In the other case, that of Gay *vs.* Taylor, Gay moved to dismiss the *certiorari* on several grounds; and the question is, as to the sufficiency of these grounds to sustain the motion.

The first ground was, that a *certiorari* does not lie to Justices of the Peace, sitting as a Court, in a forcible entry and detainer case, founded on the 15th section of the 9th division of the Penal Code.

That section gives jurisdiction in such cases, " to any one or more Justices of the Peace."

The Constitution says, that the Superior Courts " shall have power to correct errors in inferior judicatories, by writ of *certiorari.*" (*Cobb's Dig.* 1121.)

This is a direct grant of power to the Superior Courts to issue the writ of *certiorari* to Justices of the Peace sitting as a Court in forcible entry and detainer, for Justices thus sitting make an inferior judicatory.

It is assumed, however, that the power of *certiorari* over such a Court, would be a power that could not be executed; and it is thence concluded, that the power does not exist.

But why is it that power of *certiorari* over such a Court cannot be executed? Because, it is answered, such a Court

Taylor *vs.* Gay.

is dissolved forever as soon as it makes its judgment and ad--journs. But can this be so? If it is so, of what value is the judgment? What is a judgment worth, if there is no Court to superintend its execution?

There must be left a Court to see that the judgment be executed. And if there must be a Court, then that Court must be one consisting of the Justices that rendered the judgment, if they remain Justices; or of their successors, if they do not; or, it must be a Court consisting of "any one or more Justices of the Peace."

And this Court, be it composed as it may, that is the Court to see to the execution of the judgment, is the Court to whose members the *certiorari* is to be directed and delivered. What judgment is it that ought to be executed? a right judgment. A *certiorari* is but a part of the means by which a right judgment is secured.

In the present case, the Justices that gave the judgment, were the Justices to whom the *certiorari* was directed and delivered.

[2.] We think that the writ of *certiorari* lies in such a case as this. In *Marchman vs. Todd*, a similar case, we held that it lay. (14 *Ga.*)

[3.] Another of the grounds of the motion to dismiss the *certiorari* was, that the affidavit on which the *certiorari* was granted, was insufficient. But when the motion was made, the answer was in, and that showed the statements in the petition to be true. Of what consequence was it, therefore, at that time, whether the affidavit was sufficient or not.

[4.] Another ground was, that the certificate, as to the payment of the cost, was not sufficient. We think it was. There can be no such thing as "condemnation money," in a case of this kind.

[5.] The other grounds of the motion are all founded upon the Act of 1850, "to amend the several laws of this State in relation to writs of *certiorari*." But it is manifest, from a reading of that Act, that it applies only to the "Justice's Courts" of the several districts in the State. It, therefore,

·does not apply to such a Justice's Court as that to which this writ was directed. (*Cobb's Dig.* 529.)

We therefore think the Court was right in over-ruling the ·motion.