WILLIAM HENDRIX, plaintiff in error, *vs.* HENRY C. KELLOGG, administrator, etc., defendant in error.

A petition for writ of *certiorari* is a suit in the sense of the 23d section of the Statute of Limitations of 6th March, 1856, and in case the same be dismissed, discontinued, or non-suited, the plaintiff may renew his application within six months from such dismissal, discontinuance, or non-suit.

*Certiorari*, from Dawson Superior Court. Decided by Judge RICE, at the August Term, 1860.

The question presented by the record in this case arises out of the following state of facts, to-wit:

On the 21st of March, 1857, William Hendrix obtained a judgment, in the Justice's Court of the 1022d district, G. M., of Dawson county, against A. M. Jackson, maker, and Andrew E. Bond, endorser. From this judgment a *fi. fa.* issued and was duly returned *nulla bona*, as to Jackson. On the 28th of May, 1857, the *fi. fa.* was levied on a horse colt as the property of Bond. Bond filed an affidavit of illegality to the *fi. fa.* on the grounds:

1st. That he was indorser for Jackson.

2d. Because the plaintiff had promised to take out a *ca. sa.* against Jackson, and had failed to do so.

It appeared upon the trial, that Hendrix had promised to *ca. sa.* Jackson, and had failed to do so, and that after such

failure, Bond had solicited indulgence on the judgment, and offered to pay ten *per cent.* for such indulgence. The presiding Justices called on one James T. Barrett to decide the case for them, and Barrett told them to sustain the illegality, on the ground that the plaintiff had promised to take out a *ca. sa.* for Jackson, and had not done so, and the presiding Justices did sustain the illegality on that ground.

The plaintiff filed his petition for *certiorari* excepting to the judgment of said Justices on the grounds :

1st. that there was no consideration for the promise, made by Hendrix, to press a *ca. sa.* against Jackson, and that the same did not discharge Bond, the indorser.

2d. Because Bond treated the promise as a nullity, by asking indulgence and offering to pay ten *per cent.* for the same.

3d. Because the case was decided by James T. Barrett, a mere citizen, clothed with no judicial authority whatever.

A writ of *certiorari* issued on the 14th of January, 1858.

The *certiorari* was pending in Court until the six months allowed by law for taking the same had expired, and at the August Term, 1858, the *certiorari* was dismissed for a defect in the affidavit, and because it was not made conformably to the Act of 22d December, 1857.

The plaintiff filed another *certiorari* on the 6th July, 1859, within six months from the dismissal of the former.

When this second *certiorari* came up for a hearing, the defendant's counsel moved to dismiss the same on the ground that it was not sued out within six months after the decision was complained of, and that a second *certiorari* could not be brought after the first was dismissed, and that 33d section of the Act of Limitations of the 6th March, 1856, did not apply to writs of *certiorari.*

The presiding Judge sustained the motion, and that decision is the error alleged.

BELL, (by Lester,) for plaintiff in error.

S. C. JOHNSON, (by Sims,) *contra.*

Hendrix *vs.* Kellogg.

*By the Court.*—LYON, J., delivering the opinion.

The plaintiff had filed his petition, for a writ of *certiorari* to the judgment of a Justice's Court, within six months from the rendering of that judgment, which was dismissed on motion of counsel for the defendant, for some informality in the suing out the application.. While the application was pending in the Superior Court, the six months in which the writ was limited to be brought or allowed by statute, expired. And this second petition or application was brought within six months from the time the former was dismissed. The Court dismissed this second application on the ground that it was barred by the Statute of Limitations, to which the plaintiff excepted, and the case comes before us for the review of that judgment.

The only question-made or argued is, whether the petition or application for *certiorari* is a *suit* in the sense of that term, as used in 23d section of the Statute of Limitations of 6th March, 1856, pam. Acts, p. 237. "That when any suits shall be commenced within the time limited by this Act, and the same shall be discontinued, dismissed, or the plaintiff non-suited or judgment be arrested, and during the pendency of such suit the time, within which such suit is to be brought by the provisions of this act, shall expire. It shall be lawful to renew said suit at any time within six months after such termination of the case, but this right shall only extend to one renewal." If *certioraris* are suits, then the plaintiff was entitled to renew his application and the judgment of the Court below, dismissing it, erroneous. We hold that it was. A suit is defined "to be an action or process for the recovery of a right or claim; a legal application to a Court for justice; the prosecution of a right before any tribunal." And indeed what else is a *certiorari*, but a process, an action, or a prosecution by petition to the Court for the recovery of a right, without which the right is gone? It is a suit in the literal sense of the term, and to that we are disposed to confine ourselves in the construction of this statute, as all Courts are bound, or ought to

be, in the construction of Statute of Limitations—a strict, literal construction—no more and no less than the statute by its letter declares. There is no hardship in this rule, and if there was, we could not help it. If parties desire a speedy hearing, and not a mere avoidance of a legal demand, they should not press a captious and unmeaning objection to the dismissal of the action when it is once before the Court.

Let the judgment be reversed.