ALLEN WILLIAMSON, plaintiff in error, *vs.* JOHN R. WARD-
LAW, defendant in error.

Where suits were commenced on promissory notes and judgments ren-
dered in favor of the plaintiff, which were set aside by the Supreme
Court, upon the ground that said suits were void, and within six
months from this judgment said notes were again sued, these· facts
will not prevent the statutory bar from attaching. (R.)

Statute of Limitations. Dismissal and renewal. Before
Judge HARVEY. Walker Superior Court. February Term,
1872.

John R. Wardlaw brought complaint against Allen Wil-
liamson on thirteen promissory notes, each dated February
14th, 1860, due January 1st next thereafter, each for the sum
of $50, except one for the sum of $15 62, signed by John
Hatfield and Allen Williamson, payable to John R. Ward-
law or bearer, except one of the $50 notes, which was paya-
ble to said Wardlaw, as administrator of ........ McConnell.
The declaration was filed in office on September 26th, 1870.
The defendant pleaded the statute of limitations.

It appeared from the evidence that one summons issued,
embracing all of the aforesaid notes, from the County Court
on October 19th, 1866, and that judgments were rendered
on the same on December 10th, 1866; that the business of
the County Court was transferred to the Superior Court, and
that in this last tribunal, in March, 1870, a motion was
made to set said judgments aside, which was overruled; that
said cause was carried to the Supreme Court and the decision
reversed at June Term, 1870.

The Court charged the jury as follows, to-wit : "In this
case the defendant pleads the statute requiring such claims
as those sued on to be sued by January 1st, 1870, in bar of
the plaintiff's right of action. The plaintiff alleges that the
notes in controversy were sued on in the year 1866, in the
monthly County Court, and judgments obtained on the
same; that since January 1st, 1870, the said judgments have
been set aside and that he has commenced this action on said

Williamson *vs.* Wardlaw.

notes within six months after the said judgments were set aside. I charge you that if the plaintiff, in the year 1866, carried these notes to the County Judge to sue, and the County Judge sued them in the manner shown by the summons and docket of his Court, and the plaintiff supposed such suits to be valid, and the defendant treated them as such until the motion was made to set the judgments aside, and after said judgments were set aside the plaintiff recommenced suit within six months, he would have the right to maintain his suit and the notes are not barred. Such I consider the spirit of the law, which allows a party to recommence suit within six months, though it is stretching the letter of it a great way."

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial because the verdict was contrary to the charge of the Court, the law and the evidence.

The motion for a new trial was sustained by the Court, and defendant excepted and assigns error upon the following grounds, to-wit:

1st. Because the Court erred in his said charge.

2d. Because the verdict was right even if against the said charge.

3d. Because the verdict was consistent with said charge.

WRIGHT & FEATHERSTON; D. C. SUTTON, for plaintiff in error.   1st. Limitation laws are laws of repose: Ang. on Lim., secs. 23, 29, 485, 488 ; 2d Par. on Co., 342; 5th Ga. R., 486 ; 15th *Ib.*, 11 ; 12th *Ib.*, 61 ; 16th Wend. R., 572 ; Angell on Lim., 329 ; 2d Munf. R., 181 ; 1st Cheves R., 203 ; 1st Atk. R., 1 ; *Ib.*, 232 ; 2d Ga. Dec., 201 ; 1st Ga. R., 32.   2d. Act of 1870 is a bar: 1st Ga. R., 32.   3d. The former judgments were mere nullities : 40th Ga. R., 702.

McCUTCHEN & SHUMATE, represented by R. J. McCAMY, or defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendants on several promissory notes, as set forth in his declaration. The defendants pleaded the statute of limitations. The notes were dated 14th February, 1860, and due the 1st of January next thereafter. On the trial of the case the jury found a verdict for the defendants. A motion was made for a new trial, which was granted by the Court, and the defendants excepted. The fourth section of the Act of 1869 declares that all actions on promissory notes made prior to the 1st of June, 1865, not then barred, should be brought by the 1st of January next thereafter, or the right of the plaintiff, and all right of action for its enforcement should be forever barred. It was contended by the plaintiff that suit was commenced on these notes within time, but, under the decision of this Court, in *Williamson vs. Wardlaw,* 40 *Georgia Reports,* 702, there never was a suit upon them, that the former attempt to sue them and the proceedings had for that purpose was void, and the action on them must be considered as having been commenced for the first time on the 26th of September, 1870, the date of the commencement of the present action, and was, therefore, barred under the provisions of the Act of 1869. It was error in the Court to grant a new trial on the statement of facts contained in the record.

Let the judgment of the Court below be reversed.