## PHELPS vs. THURMAN.

|  |
| 74a 837 |
| 92 631 |

[This case was argued at the last term, and the decision reserved.]

Where, to a suit to recover damages for the wrongful and malicious suing out and levying of a distress warrant, and the procuring of a warrant to dispossess plaintiff of certain premises, and actually dispossessing him thereunder, the defendant filed a plea in the following words: "And now comes the defendant, . . and for further plea in this behalf says that he was authorized by law to have the distress warrant and dispossessory warrant set out by plaintiff's declaration issued and put into effect or executed, and that the defendant was justified in taking out the same, and that he did so in the utmost good faith and without malice; and of this he puts himself upon the country," this was only a plea of the general issue, putting in issue the main allegations in the declaration, and was not such a plea of justification as gave the defendant the right to open and conclude. 69 Ga., 250; 72 Id., 217.

(a.) The right to open and conclude to the jury is an important right, and the presumption is that the party to whom it has been improperly denied has been injured.

(b.) No other error of material character appears in this case.

Judgment reversed.

February 24, 1885.

BLANDFORD, Justice.

---

## BONDS vs. PEARCE et al.

|  |
| 74b 837 |
| 102 516 |

While this court has held that a *certiorari* is such a suit as might be renewed within six months after dismissal, yet the statute imperatively requires the plaintiff in *certiorari* to cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ, and also the time and place of the hearing, at least ten days before the sitting of the court to which the same is returnable, and in default of such notice, unless prevented by unavoidable cause, that the *certiorari* shall be dismissed. When, therefore, a *certiorari* has been dismissed for this cause, and it is sought to renew it by a second *certiorari* within six months thereafter, it also will be dismissed. Cobb's Dig., 528; Code, §§4057, 4059, 4058, 217; Acts, 1858, p. 74.

(a.) This case differs from those in 32 Ga., 435, and 22 Id., 359.

Judgment affirmed.

March 10, 1885.

HALL, Justice.