FARMER *vs.* THE STATE OF GEORGIA.

It is a condition precedent to the grant of a writ of *certiorari* in a criminal case tried in the county court, that the defendant shall first file his affidavit setting forth that he has not had a fair trial, and that he has been wrongly and illegally convicted, and shall also give such bond and security or make such affidavit of inability to pay costs as is provided for in §4263 of the Code. Where a defendant made affidavit that he had not had a fair trial, and had been wrongly and illegally convicted, but failed to give bond or to swear that he was unable, from poverty, to pay the costs, the *certiorari* was properly dismissed.

December 21, 1886.

*Certiorari.* Before Judge HARRIS. Douglas Superior Court. January Term, 1886.

Reported in the decision.

W. A. JAMES, for plaintiff in error.

H. M. REID, solicitor–general; W. T. ROBERTS, solicitor county court, for the state.

JACKSON, Chief Justice.

But one point is made in this record. The defendant was convicted in the county court of the county of Douglas, and sued out a writ of *certiorari* to the superior court.

The superior court dismissed the writ on the ground that the affidavit, as a condition precedent to the grant of the writ, had not been made in accordance with law, in that the affiant, under the pauper act, did not swear that because of poverty he was unable to pay the costs.

The dismissal for this reason is the error assigned

Section 302 of the Code declares this proviso to the privilege of taking the case up to the higher court by *certiorari*: "Provided, that no writ of *certiorari* shall be granted in a criminal case, unless the accused shall first have filed his affidavit, setting forth that he has not had a fair trial, and that he has been wrongly and illegally convicted, and unless the party applying shall give such bond and security or make such affidavit as is permitted in this Code for parties in criminal cases carrying up such cases to the Supreme Court of this State."

In section 4263 of the Code, in respect to bringing cases to this court, the pauper oath prescribed is "that he is unable, from his poverty, to pay the costs." Therefore, whilst this applicant for the writ has taken the oath "that he has not had a fair trial, and that he has been wrongly and illegally convicted," he has failed to swear "that he is unable, from his poverty, to pay the costs." The last mentioned prerequisite to the grant of the writ is as necessary and imperative as the other two, if no bond is given, and the statute in the proviso commands positively that no writ shall be granted "unless the accused shall first have filed" this part of the affidavit as well as the rest of it.

Hence the court could not do otherwise. It makes no difference that the oath prescribed in §4263 is made by that statute only necessary to obtain a *supersedeas*, and does not work also a dismissal in this court. It is not the *supersedeas* portion of the act codified in §4263 of the Code that section 302 makes applicable to the *certiorari* to the county court, but only the pauper oath prescribed in §4263.

That section 4263 makes the oath a condition precedent to a *supersedeas;* section 302 makes the same oath a condition precedent to the grant of the writ of *certiorari.*

"No writ of *certiorari* shall be granted in a criminal case unless the accused shall first have filed his affidavit," etc., is the command in §302. "The bill of exceptions thus filed shall operate as a *supersedeas* upon the plaintiff

in error complying with the following terms:" one of which terms is this pauper oath, is the command in §4263.

Counsel cited *Taylor vs. Gay*, 20 *Ga.* 77, to show that after the answer to the writ by the lower court, it was too late to dismiss the writ of *certiorari ;* but that case was where the affidavit as to the facts was not made except on information. It was properly held, of course, that when the court below had sent up a verification of these facts, the deficiency of the affidavit was cured, and the case was not dismissed. But no answer of the county court could possibly supply the affidavit of poverty that the statute made a condition precedent, and of course the answer of the county court says nothing about the applicant's poverty, and could say nothing about it unless sworn to by him.

Judgment affirmed.