MERCER & COMPANY *vs.* DAVIDSON.*

Where a petition for *certiorari* was granted, and on the hearing the *certiorari* was dismissed on the ground that the bond was improperly executed, within six months from the time of dismissal, although after the time allowed by law originally to apply for the writ of *certiorari*, application could properly be made for a second *certiorari* in the same cause.

(a) If this were an original question, the ruling of this court would probably be different. *Bonds vs. Pearce et al.*, 74 *Ga.* 837, cited and distinguished.

April 11, 1888.

*Certiorari.* Second application. Practice in superior court. Before Judge SIMMONS. Bibb superior court. April adjourned term, 1887.

Reported in the decision.

LOFTON & MOORE, by brief, for plaintiffs in error.

A. PROUDFIT, by WALTER R. BROWN, *contra.*

BLANDFORD, Justice.

This was an application to the court below for a *certiorari.* The defendant in error had presented a petition for *certiorari* to the judge, who granted it, and it was dismissed on the ground that the bond was improperly executed; and within six months from that time, but after the time allowed by law to apply for the writ of *certiorari*, she applied for a second *certiorari*, which was granted by the judge. On the trial of the case a motion was made to dismiss the second *certiorari*, upon the ground that she

---

*SIMMONS, J., being disqualified, did not preside in this case.

could not, under the circumstances, apply for the *certiorari*, because it was more than three months after the decision complained of. The court overruled the objection, and gave judgment for the plaintiff in the *certiorari*, the defendant in error here.

We think this case is ruled by several decisions of this court, notably by the case of *Hendrix vs. Kellogg,* 32 *Ga.* 435. In that case, the first *certiorari* was dismissed on account of a defect in the affidavit; the second *certiorari* was sued out within six months after the dismissal of the first; and this court held that under the act of March 6th, 1856, (which is embraced in section 2932 of the code,) the second *certiorari* might be sustained. In the case of *Grimes vs. Jones*, 48 *Ga.* 362, where the first *certiorari* had been dismissed upon the ground that no affidavit had been filed, this court held that the case fell within the provisions of the act above cited, (code, §2932,) and that the application for the second *certiorari* could be made at any time within six months from the dismissal of the first.

As for myself, I cannot see how, when a statute prescribes the time in which an application for *certiorari* shall be made, the time can be extended beyond that period; and I cannot see how it falls within this provision of the code (§2932), that where a suit is dismissed, nonsuited or discontinued, the suit may be renewed within six months. The petition for *certiorari* is a petition for a writ to be directed to an inferior tribunal, requiring the latter to certify and send up the proceedings in that case and answer the allegations in the petition for *certiorari;* and for myself, I do not think that is a suit or an action within the meaning of the section of the code above cited. And if this were an original case, it would make a great difference in our ruling in the case. But the question has been adjudicated by at least two decisions of this court, and we feel bound as a court to follow these cases. The question arose in the case of *Bonds vs. Pearce et al.*, 74 *Ga.* 837; but in that case the court held that where the first *certiorari* had

been dismissed because of the failure of the plaintiff in *certiorari* to give proper notice to the opposite party, it did not fall within the principles of the decisions above referred to. It was held that as there was no notice, there was no application for *certiorari*. That was the distinction sought to be drawn between that case and the others above cited. So we affirm the decision of the court below.

Judgment affirmed.