## SOUTHERN RAILWAY COMPANY *v.* GOODRUM.

Where the defendant in a suit in a justice's court appealed to a jury in that court and gave a security on the appeal bond, and then, being dissatisfied with the finding of the jury, sued out a writ of certiorari and gave the same security on the certiorari bond, and the certiorari was dismissed on the ground that there was no valid certiorari bond, the certiorari could not be renewed under the Civil Code, § 3786.   The original certiorari was void and could not be renewed.   *Grimes* v. *Jones*, 48 *Ga.* 362, distinguished.

Submitted May 1, — Decided June 9, 1902.

Certiorari.   Before   Judge   Reagan.   Monroe superior court. September 5, 1901.

*Dessau, Harris & Harris,* for plaintiff in error.
*W. M. Clark,* contra.

SIMMONS, C. J.   Suit was brought by Goodrum against the Southern Railway Company in a justice's court.   The defendant lost the case before the magistrate, and appealed to a jury in the same court, giving an appeal bond with security.   The jury found against the appellant, and it sued out a writ of certiorari to the superior court, giving a certiorari bond with the same security as was on the appeal bond.   This certiorari was dismissed in the superior court, on the ground that no valid certiorari bond had been given,

44

the law requiring that the surety on this bond shall be an additional and different one from the one on the appeal bond. The defendant then, within six months from the dismissal of the first certiorari, sued out another certiorari in the same case. Upon the hearing this certiorari was also dismissed, the judge holding that the first proceeding by certiorari was void for want of a bond and was a nullity, and that there was nothing to renew. To this ruling the railway company excepted.

There can be no doubt that section 3786 of the Civil Code applies to valid suits only. This has been held uniformly by this court from *Williamson* v. *Wardlaw*, 46 *Ga.* 126, to *Hamilton* v. *Phenix Insurance Co.*, 111 *Ga.* 875. This principle is now too well settled by this court for us to depart from it. The plaintiff in error relies upon *Grimes* v. *Jones*, 48 *Ga.* 362, which it contends establishes a contrary rule, and which has never been overruled. An examination of this case will show that the point now decided and the point decided in *Hamilton* v. *Wardlaw*, supra, was not decided or even alluded to in *Grimes* v. *Jones*. Grimes had sued out a certiorari, which had been dismissed on the ground that no affidavit in forma pauperis had been filed. Subsequently he undertook to renew the certiorari, and the judge refused to sanction it. Grimes excepted and brought the case to this court. Why the judge refused to sanction the writ, or what points were made before him, did not appear, but the only point decided by this court was, that, under the decision in *Hendrix* v. *Kellogg*, 32 *Ga.* 435, a certiorari was a suit within the meaning of the act which is now section 3786 of the Civil Code. If the point had been made that the first certiorari was void and a nullity, and, for that reason, could not be renewed, the opinion and decision of the court would doubtless have been different. But the point was not referred to, and the case was put merely on the ground that a certiorari is a suit and can be renewed. That case is not binding in this, and we hold that a void process can not be renewed under the section of the code referred to above.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*