HILL *et al. v.* THE STATE.

1. A writ of certiorari purporting to have been sued out in forma pauperis is void when the affidavit of the plaintiff does not at least substantially meet the requirements of the statute.
2. When such a certiorari is dismissed for want of the proper affidavit, the case is at an end, and can not be renewed under the provisions of the Civil Code, § 3786.

Submitted June 16, — Decided July 18, 1902.

Certiorari.　Before Judge Reagan.　Pike superior court.　April 8, 1902.

*G. D. Dominick*, for plaintiffs in error.
*O. H. B. Bloodworth*, solicitor-general, contra.

LITTLE, J.　Hill, Riggins, and Parks were indicted for the offense of riot.　The case was transferred to the county court of Pike county, where it was tried, and a verdict was rendered finding the defendants guilty.　It seems that the defendants had previously sued out a writ of certiorari to review the errors alleged to have been committed on the trial.　When it came up for a hearing it was dismissed because the affidavit in forma pauperis attached thereto was defective.　Subsequently counsel for the convicted persons sued out this the second certiorari in proper form, but after the time in which a certiorari may be sued out had expired.　When this certiorari came on to be heard, the trial judge dismissed the same, because it was the attempted renewal of a former certiorari, passing the following order: " Ordered that the within certiorari

be and the same is hereby dismissed, because the first certiorari was dismissed for defective affidavits." To this ruling and order the defendants excepted; and the question made by the present bill of exceptions is whether the judge erred in passing the order complained of. In the case of *Hamilton* v. *Phenix Insurance Co.*, 107 *Ga.* 728, it was ruled by this court that when the writ of certiorari is issued .on the filing of a bond which has never been approved at all, the writ is void, and the bond is not amendable in the superior court. Presiding Justice Lumpkin, in the opinion which he rendered in that case, said: " The issuing of the writ by the clerk being, under the circumstances stated, totally unwarranted, it was the same thing, in contemplation of law, as if the writ had never been issued." To the same effect see also *Dykes* v. *Twiggs County*, 115 *Ga.* 698. It is just as essential to the validity of such a writ in a criminal case that the affidavit prescribed by the Penal Code, § 765, should be made, as it is that the bond required in a civil case should be given; and as it has been ruled that in the absence of such a bond the writ is void in a civil case, it must follow that without a proper affidavit in a criminal case such writ is likewise void. It appears by the order in this case that the first certiorari sued out was accompanied with a defective affidavit, and because of such defect the writ was dismissed; and it must therefore be held that such first writ of certiorari which issued in the present case was void in effect.

2. It is provided by the Civil Code, § 3786, that if a plaintiff shall be nonsuited, or shall discontinue or dismiss his cause, and shall recommence the same within six months, such renewed case shall stand upon the same footing, as to limitations, as the original case. We are aware that in the case of *Hendrix* v. *Kellogg*, 32 *Ga.* 435, it was ruled that a certiorari was a suit, within the meaning of the section of the code to which we have just referred; and in the case of *Grimes* v. *Jones*, 48 *Ga.* 362, it was further ruled that a renewal within three months from the time at which a former certiorari had been dismissed was within the statute. But in the case of *Southern Railway Co.* v. *Goodrum*, ante, 689, it was expressly ruled that where a certiorari had been dismissed for want of a valid bond, the certiorari could not thereafter be renewed. It has no existence at first; it is not voidable; it is void. It is not a living thing, but a dead thing at its inception; and the statute

which authorizes a renewal of suits within six months does not and can not apply to any other than a living case which for some reason has been dismissed. We are not unmindful of the ruling made in the case of *Mercer* v. *Davidson,* 80 *Ga.* 495, similar to that made in the *Grimes* case, supra; but the reasoning of Chief Justice Simmons in the case of *Southern Ry. Co.* v. *Goodrum,* by which he shows that the ruling in *Jones* v. *Grimes* is not in conflict with the ruling in *Southern Ry. Co.* v. *Goodrum,* applies with equally as much force to the ruling in the *Davidson* case. It is apparent from the reasoning of Judge Blandford in this last-named case, that the main question with which the court was then concerned was whether a certiorari was such a suit as could be renewed within six months under the provisions of the code cited supra. While we commend the reasoning of Judge Blandford as very strong in showing that it is not, yet we in no particular go to the extent of ruling that a certiorari when properly sued out is not a suit within the contemplation of the law. All the reasoning in the later cases is to the effect that when a certiorari is defective in that a requirement of the statute necessary to the issuance of the writ has been omitted, the writ is void; it is a nonentity, and not a suit. It must therefore be ruled that when the first certiorari was dismissed because of a defective affidavit, the case was at an end, because the attempt to certiorari was abortive, and the writ which issued was void. Being so, it can not be renewed under the provisions of the Civil Code, §3786, as was attempted to be done in the present case.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*