## 5575.  TUTEN v. SHOWALTER.

1. A writ of certiorari, not applied for in forma pauperis, is void if issued in the absence of a duly approved bond of the kind required by the statute.

2. Where an application for certiorari is a nullity, because of failure to comply with the requirement as to bond, the time within which a second application may be made is governed by the law requiring that the writ "shall be applied for within thirty days after the final determination of the case in which the error is alleged to have been committed" (Civil Code, § 5188), and is not extended by the law as to renewal of cases within six months after dismissal (Civil Code, § 4381).

3. The ground of an unreversed judgment dismissing a certiorari is an adjudication binding the petitioner in a renewed application.

DECIDED JUNE 22, 1914.

Certiorari; from Bryan superior court—Judge Sheppard. January 29, 1914.

*J. H. Smith*, for plaintiff in error.

*N. J. Norman*, contra.

ROAN, J.  Showalter sued Tuten in the city court of Pembroke, and obtained a verdict and judgment against the defendant. The defendant in due time sued out certiorari. The case came on for hearing before the superior court on May 8, 1913, and was dismissed on the ground that the certiorari bond was not approved by the judge, but was approved by the clerk. There was an effort to renew the certiorari by filing a second petition within six months of the date of dismissal. The judge sanctioned the second application on June 11, 1913, and when the case came on to be heard by the superior court, Showalter, through his counsel, made a motion to dismiss the certiorari, on the following grounds:  (1) There is no cause of action set up in the petition for certiorari, authorizing a second writ of certiorari.  (2) There was no judge of the city court of Pembroke at the time of answering the certiorari, the said city court having been abolished by law, and the answer when filed was not in accordance with law.  (3) A certiorari in this case had previously been granted, and at the May term of the superior court, 1913, the court passed an order dismissing that certiorari, and a bill of exceptions thereon was submitted to and certified by the judge of the superior court, and served on the defendant in certiorari, and the bill of exceptions was pending when the present petition for certiorari was presented to the court, and is still pending.  The court sustained the motion and dismissed the certiorari.  Counsel for Tuten stated to the court that the bill of

exceptions sued out on account of the dismissal of the first certiorari had been abandoned prior to the time the second certiorari was applied for, and it was never filed in court.

Section 5185 of the Civil Code provides that "Before any writ of certiorari shall issue, except as hereinafter provided, the party applying for the same, his agent or attorney, shall give bond with good security, conditioned to pay the adverse party in the cause the eventual condemnation money, together with all future costs, and shall also produce a certificate from the officer whose decision or judgment is the subject matter of complaint, that all costs which may have accrued on the trial below have been paid; which bond and certificate shall be filed with the petition for certiorari, and the security on said bond shall be liable as securities on appeal." In section 5187 provision is made as to affidavit in forma pauperis in lieu of bond. Where a writ of certiorari issues before compliance with these requirements, the writ is void, as it issued without authority of law; and it is subject to be dismissed by the court for that reason.

If an original application for a writ of certiorari be for any reason void, an attempt to renew it under the statute as to renewal of dismissed cases within six months (Civil Code, § 4381) must be held to be ineffectual. See *Hamilton* v. *Phenix Ins. Co.*, 111 *Ga.* 875; *McClendon* v. *Hernando Phosphate Co.*, 100 *Ga.* 219; *Williamson* v. *Wardlaw*, 46 *Ga.* 126.

The certiorari originally sued out, of which it is claimed the present is a renewal, had been dismissed by the court, on the ground that the certiorari bond had not been approved by the judge before the writ was issued. This judgment, not having been reversed, is binding between the parties; and it follows that no valid bond was given, and the writ was void. If it was void, it could not be renewed; and the petition having been presented for sanction more than thirty days after the rendition of the verdict and judgment which it sought to review, the court committed no error in sustaining a motion to dismiss the certiorari on this ground. See *Hamilton* v. *Phenix Ins. Co.*, 107 *Ga.* 728 (33 S. E. 705); *Southern Ry. Co.* v. *Goodrum*, 115 *Ga.* 689 (42 S. E. 49); *Dykes* v. *Twiggs County*, 115 *Ga.* 698 (42 S. E. 36); *Southern Ry. Co.* v. *Oliver*, 13 *Ga. App.* 5 (78 S. E. 684).                    *Judgment affirmed.*