## TALLEY *v.* COMMERCIAL CREDIT COMPANY OF GEORGIA.

No. 8313. DECEMBER 16, 1931.

*W. H. Terrell,* for plaintiff in error.

*Carter & Carter,* and *J. N. Johnson,* contra.

HILL, J.   The Court of Appeals requested instructions from the Supreme Court on the following questions:

"1.   (a)   Where a petition for certiorari, which purports to be a renewal within six months, as provided in section 4381 of the Civil Code of 1910, of a dismissed petition for certiorari, is presented to the judge of the superior court for sanction, is it essential to the validity of the renewal petition that it contain allegations showing that the former petition, which had been dismissed, was not a void suit, or that it was such a valid suit as could be renewed as provided in the said code section?   (b)   Where the renewal petition recites that it 'is brought as a renewal of a petition heretofore brought' by the petitioner for certiorari 'in the same case and pertaining to the same matters, and which was dismissed by the [judge of the superior court] because of failure of petitioner to make affidavit that the petition for certiorari was not filed in the case for the purpose of delay only,' is this a sufficient allegation as to such validity of the former suit in all respects except in so far as it may have been invalid by reason of a failure of the affidavit which was filed with the petition in that suit to allege that the petition was *not* filed in the case for the purpose of delay only?

"2.   If both questions No. 1(a) and No. 1(b) are answered in the affirmative, the Court of Appeals desires instruction from the Supreme Court upon the following question, a determination of which is necessary to a decision of this case:   Where, upon the hearing of a petition for certiorari which is valid in every respect except that an affidavit that the petition is not filed in the case for the purpose of delay only was not made as required by section 5184 of the Civil Code of 1910, the petition is, on motion of the defendant in certiorari, dismissed by the judge of the superior court upon the ground that the certiorari was defective in that the required affidavit had not been made, the particular defect being that the affidavit which was filed recited that the petition for certiorari was filed for the purpose of delay only, when, as required by the statute, the affidavit should have recited that the petition for certiorari is not filed for the purpose of delay only, is the

petition for certiorari, by reason of this defect alone, void and invalid, and is the superior court without jurisdiction of the subject-matter; or is the petition a valid suit and one within the jurisdiction of the superior court, but defective only in a matter of form; and is the petition for certiorari such a suit as can, after its dismissal on the ground indicated, be renewed within a period of six months, as provided in section 4381 of the Civil Code of 1910? See *Taylor* v. *Gay*, 20 *Ga*. 77. This question is propounded in view of the decision of the Supreme Court in *Lamb* v. *Howard*, 150 *Ga*. 12 (102 S. E. 436). See the decisions of *Hendrix* v. *Kellogg*, 32 *Ga*. 435, and *Grimes* v. *Jones*, 48 *Ga*. 362, each of which was rendered by a full bench of three Judges, and neither of which has been expressly overruled, but has been construed and distinguished in *Southern Railway Co*. v. *Goodrum*, 115 *Ga*. 689 (42 S. E. 49), and *Hill* v. *State*, 115 *Ga*. 833 (42 S. E. 286), by only five Justices, and therefore not by a full bench. See also *Mercer* v. *Davidson*, 80 *Ga*. 495 (6 S. E. 175), following *Hendrix* v. *Kellogg* and *Grimes* v. *Jones*. See also *Bonds* v. *Pearce*, 74 *Ga*. 837, distinguishing *Hendrix* v. *Kellogg*. See also *Taylor* v. *Gay*, 20 *Ga*. 77, in which it is held that an insufficiency of the affidavit filed with the petition for certiorari may be cured by the answer of the judicial officer whose decision the petition seeks to review."

■ The Civil Code (1910), § 4381, provides: "If a plaintiff shall be nonsuited, or shall discontinue, or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitations, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this clause." Act 1847, Cobb's Dig. 569; Acts 1855-6, p. 237. In the question propounded by the Court of Appeals, in connection with the foregoing citation they say: "See *Taylor* v. *Gay*, 20 *Ga*. 77." In the *Taylor* case it was held: "That the affidavit in support of the petition for a certiorari is insufficient is no ground for dismissing the certiorari on a motion made after the certiorari has been answered, if the answer supports the petition." The requirement that the affidavit should state that it was not made for the purpose of delay, as a condition precedent to the issuance of the writ, did not exist until the act of 1857 (Ga. L. 1857, p. 104), which was passed after the decision in the case of *Taylor* v. *Gay*, supra. In *Hendrix* v. *Kellogg*, 32 *Ga*. 435, decided

at the March term, 1861, it was held that "A petition for writ of certiorari is a suit in the sense of the 23rd section of the statute of limitations of 6th of March, 1856; and in case the same be dismissed, discharged, or nonsuited, the plaintiff may renew his application within six months from such dismissal, discontinuance, or nonsuit." In *Grimes* v. *Jones,* 48 *Ga.* 362, it was held: "Where a writ of certiorari has been granted, and the court dismisses the same on the ground of non-compliance by the petitioner with some requisition of the statute, and plaintiff in certiorari makes application within three months from said dismissal for another writ, he is not barred, by lapse of time, from having his second application heard: 32 *Ga.* 435." And see *McDonald* v. *Lane,* 80 *Ga.* 497 (5 .S. E. 628).

In *Southern Ry. Co.* v. *Goodrum,* 115 *Ga.* 689 (supra), it was held: "Where the defendant in a suit in a justice's court appealed to a jury in that court and gave a security on the appeal bond, and then, being dissatisfied with the finding of the jury, sued out a writ of certiorari and gave the same security on the certiorari bond, and the certiorari was dismissed on the ground that there was no valid certiorari bond, the certiorari could not be renewed under the Civil Code [1895], § 3786 [1910, § 4381]. The original certiorari was void and could not be renewed. *Grimes* v. *Jones,* 48 *Ga.* 362, distinguished." In the opinion Simmons, C. J., said: "There can be no doubt that section 3786 of the Civil Code applies to valid suits only. This has been held uniformly by this court from *Williamson* v. *Wardlaw,* 46 *Ga.* 126, to *Hamilton* v. *Phenix Insurance Co.,* 111 *Ga.* 875 (36 S. E. 960). This principle is now too well settled by this court for us to depart from it. The plaintiff in error relies upon *Grimes* v. *Jones,* 48 *Ga.* 362, which it contends establishes a contrary rule, and which has never been overruled. An examination of this case will show that the point now decided and the point decided in *Hamilton* v. *Wardlaw,* supra, was not decided or even alluded to in *Grimes* v. *Jones.* Grimes had sued out a certiorari, which had been dismissed on the ground that no affidavit in forma pauperis had been filed. Subsequently he undertook to renew the certiorari, and the judge refused to sanction it. Grimes excepted and brought the case to this court. Why the judge refused to sanction the writ, or what points were made before him, did not appear, but the only point decided by this

court was, that, under the decision in *Hendrix* v. *Kellogg*, 32 *Ga.* 435, a certiorari was a suit within the meaning of the act which is now section 3786 of the Civil Code [of 1895]. If the point had been made that the first certiorari was void and a nullity, and, for that reason, could not be renewed, the opinion and decision of the court would doubtless have been different. But the point was not referred to, and the case was put merely on the ground that a certiorari is a suit and can be renewed. That case is not binding in this, and we hold that a void process can not be renewed under the section of the code referred to above." In *Hill* v. *State*, 115 *Ga.* 835 (supra), it was held: "A writ of certiorari purporting to have been sued out in forma pauperis is void when the affidavit of the plaintiff does not at least substantially meet the requirements of the statute. . . When such a certiorari is dismissed for want of proper affidavit, the case is at an end, and can not be renewed under the provisions of the Civil Code [1895], § 3786." In *Harlow* v. *Rosser*, 28 *Ga.* 219, this court said that a second certiorari may be sued out in the same case, provided the first was not dismissed on its merits; but the ruling there was based on the assumption that the dismissal "was for some informality or defect in the proceedings." In *Hendrix* v. *Kellogg*, supra, it was said, that, "The only question made or argued is whether the petition or application for certiorari is a suit in the sense of that term as used in" the Code section cited. In *Smith* v. *Bryan*, 60 *Ga.* 628, it was said that a certiorari is such a suit as may be renewed in six months, and that the certiorari referred to "was merely irregular and not a mere nullity."

The conclusion reached in *Lamb* v. *Howard*, supra (a unanimous decision), is that the proceeding in the superior court in that case was not such a complete nullity that it did not have the effect of tolling the statute so as to allow the bringing of another suit within six months after its dismissal. The plaintiff had brought a suit in Fulton County against Lamb, the receiver of the railroad, for a tort alleged to have been committed in Coweta County, and therefore it was decided that the superior court of Fulton County had no jurisdiction, and the petition was dismissed; and it was held that within the next six months the plaintiff could bring the suit again in the proper county, although the time ordinarily for certiorari had expired. That was not a certiorari case, and the

*Lamb* case does not overrule the line of cases decided by this court that a petition for certiorari "void for any reason" can not be brought over under the Civil Code, § 4381, within six months. See *Williamson* v. *Wardlaw,* 46 *Ga.* 126; *Edwards* v. *Ross,* 58 *Ga.* 147; *Toole* v. *Davenport,* 63 *Ga.* 160; *Bonds* v. *Pearce,* 74 *Ga.* 837; *Farmer* v. *State,* 77 *Ga.* 134; *O'Keefe* v. *Cotton,* 102 *Ga.* 516 (27 S. E. 663) ; *Bass* v. *Milledgeville,* 121 *Ga.* 151 (48 S. E. 919). In *Edwards* v. *Ross,* supra, it was said: "A void thing is not a 'suit' or 'case' within the meaning of . . the Code." In *Toole* v. *Davenport,* supra, a writ of certiorari was presented to the plaintiff for an acknowledgment of service, which he refused to sign. At the February term of the year following, on motion of the attorney for the plaintiff in certiorari, the case was dismissed. In February following he renewed his petition, which was overruled on the hearing. This court held: "Where there is no service at all, there is no suit; and there having been thus, for want of service, no suit in certiorari for more than three months, there is nothing to be renewed within six months." In *Bonds* v. *Pearce,* supra, it was said: "When, therefore, a certiorari has been dismissed for this cause [that is, failure to give the defendant written notice of the sanction of the writ and also the time and place of the hearing, in accordance with the provisions of law relative thereto], and it is sought to renew by a second certiorari within six months thereafter, it also will be dismissed."

In view of the authorities cited, we reach the conclusion that a petition for certiorari void for any reason can not be renewed. It is essential to the validity of the renewal petition that it contain allegations showing that the former petition, which had been dismissed, was not a void suit, or that it was such a valid suit as could be renewed as provided in the Civil Code (1910), § 4381. We further hold that where the renewal petition recites that it "is brought as a renewal of a petition heretofore brought" by the petitioner for certiorari "in the same case and pertaining to the same matters, and which was dismissed by the judge of the superior court because of failure of petitioner to make affidavit that the petition for certiorari was not filed in the case for the purpose of delay only," as provided in the Civil Code (1910), § 5184, such an allegation is sufficient to show that the former petition was void.

From what has been said we also reach the conclusion that

the petition for certiorari, by reason of the fact that the affidavit does not contain an allegation that it is not filed for the purpose of delay only, is void and invalid, and that the superior court is without jurisdiction of the subject-matter. It can not be held that such a petition is a valid suit and one within the jurisdiction of the superior court, and defective only in a matter of form; and the petition for certiorari in such a suit can not be renewed within a period of six months, as provided in the Civil Code (1910), § 4381.

*All the Justices concur, except Russell, C. J., and Gilbert, J., who dissent.*