22968. PARKS *v.* CITY OF ELLIJAY.

Decided May 2, 1933. Rehearing denied May 27, 1933.

*A. N. Edwards, G. A. Jones,* for plaintiff in error.
*William Butt, Watkins Edwards,* contra.

Broyles, C. J. Howard Parks was tried in the mayor's court of the City of Ellijay on June 10, 1929, and sentenced to pay a fine of $15 or to be imprisoned fifteen days. His petition for certiorari, for some reason not disclosed by the record, was not heard in the superior court until May 20, 1932, when it was dismissed upon the ground that the petition failed to set forth a certificate from the

clerk of the mayor's court that the bond required by law was filed with him and was approved and accepted by him. A second petition for certiorari was sworn to by the petitioner on June 18, 1932, and was sanctioned on June 20, 1932. This petition was dismissed by the judge of the superior court on October 14, 1932, his order not disclosing the reason for the dismissal.

■ This court has held: "A petition for certiorari to review the judgment of a police [mayor's] or recorder's court, unless a pauper's affidavit is made, must affirmatively allege (among other things) that the petitioner has filed with the clerk of that court, if it has a clerk, a bond payable, etc., and conditioned, etc., which has been approved and accepted by said clerk; and there should be attached to the petition a certified copy of the bond, *together with a certificate from the clerk of the court that the bond was filed with him and was approved and accepted by him*. Unless *all* these things appear, to wit, the aforesaid allegations in the petition, *the certificate of the clerk of the court verifying them,* and a certified copy of the bond given, the certiorari should not be sanctioned, and, if sanctioned, *should be dismissed on the hearing."* (Italics ours.) *Gillespie* v. *Mayor and Council of Macon,* 19 *Ga. App.* 1, 2, and citations. In the instant case, the first petition for certiorari was fatally defective in that it failed to set forth, either in the petition itself or in any exhibit attached thereto, a certificate from the clerk of the mayor's court that the bond referred to in the petition was filed with him and was approved and accepted by him. This omission in the petition was a fatal defect and the petition was void and a nullity. See *Veazey* v. *Crawfordville,* 126 *Ga.* 89; *Simpkins* v. *Johnson,* 3 *Ga. App.* 437 (2); *Dykes* v. *Twiggs County,* 115 *Ga.* 698; *Tulen* v. *Showalter,* 14 *Ga. App.* 690.

■ It is obvious that a void petition for certiorari is a mere nothing—a nullity, a mere scrap of paper, and that it can not be renewed within six months from its dismissal, or at any other time, since a nullity is nothing—a thing nonexistent, and such a thing can not be renewed or revived, because it never had the breath of life in it, but was dead from the beginning. However, since a void petition amounts to no petition, one who has sued out such a petition has the right to bring another petition to review the same judgment complained of in the void petition, provided that he sues out the second petition within thirty days from the date of that judg-

ment. *Tuten* v. *Showalter,* supra; *Southern Ry. Co.* v. *Goodrum,* 115 *Ga.* 689; *Hill* v. *State,* 115 *Ga.* 833; *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517. The cases of *Mercer* v. *Davidson,* 80 *Ga.* 495, *Grimes* v. *Jones,* 48 *Ga.* 362, and *Hendrix* v. *Kellogg,* 32 *Ga.* 435, are distinguished from the foregoing cases by the Supreme Court in *Southern Ry. Co.* v. *Goodrum* and in *Hill* v. *State,* supra. The second petition in the instant case was sued out within six months from the dismissal of the first petition but not within thirty days from the date of the judgment of the mayor's court complained of, and, therefore, the second petition was properly dismissed.

■ The judge in his order dismissing the second certiorari did not state upon what ground it was dismissed. However, it is well settled by numerous decisions of the Supreme Court and the Court of Appeals that where a petition for certiorari is subject to dismissal for any reason, a judgment of dismissal will not be reversed by the reviewing court, though the trial judge based his judgment upon an erroneous reason. See *Memmler* v. *State,* 75 *Ga.* 576 (1-*a*); *Gillespie* v. *Macon,* supra, and citations.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*