*Dillon & Rose,* contra.

26937. QUINN *v.* O'NEAL.

DECIDED OCTOBER 5, 1938. REHEARING DENIED NOVEMBER 3, 1938.

*Linton S. James,* for plaintiff in error. *A. W. White,* contra.

GUERRY, J. ■ Exceptions are taken in this court to a judgment of the judge of the superior court dismissing the plaintiff in error's petition for certiorari, sued out from a judgment of the appellate division of the municipal court of Atlanta denying a motion for new trial. The judgment of the appellate court was rendered on May 11, 1937. The petition for certiorari was presented on November 19, 1937. The writ was issued and was filed in the clerk's office on November 20, 1937. *Held*, that the petition was too late. Code, § 19-209.

■ Attached to and made a part of the petition for certiorari was the following affidavit: "That heretofore on the 11th day of September, 1937, a certiorari, same being dismissed by the court, and now within the time provided by law is filing a renewal thereof, as allowed by the Code of Georgia, files this his affidavit and that he is advised and believes that he has good cause for recommencing his petition, suit, and certiorari, and says from his poverty he is unable to pay the costs that have accrued in said case No. 116692, Fulton superior court." While it has been held, since the case of *Hendrix* v. *Kellogg*, 32 *Ga*. 435, that certiorari is a "suit" within the contemplation of the statute authorizing a renewal within six months where the same has been dismissed (Code, §§ 3-509, 3-808), yet it has also been held that "It is essential to the validity of the renewal petition [for certiorari] that it contain allegations showing that the former petition, which had been dismissed, was not a void suit, or that it was such a valid suit as could be renewed under the Civil Code (1910), § 4381." *Talley* v. *Commercial Credit Co.*, 173 *Ga*. 828 (161 S. E. 832) and cit. This is true because, if the original petition for certiorari was void for any reason, there could be no renewal. The present petition is lacking in the above respect, and was properly dismissed. In this connection it is stated in the brief for the plaintiff in error that the original petition was dismissed "on the ground that no certiorari bond was given and no affidavit that he was unable to make bond." If this be true (see *Quinn* v. *O'Neal*, 57 *Ga. App*. 248 (194 S. E. 911)), the original petition for certiorari was void, and there could be no renewal. See *Hill* v. *State*, 115 *Ga*. 833 (42 S. E. 286); *Southern Ry. Co.* v. *Goodrum*, 115 *Ga*. 689 (42 S. E. 49); *Talley* v. *Commercial Credit Co.*, supra.

■ It appearing that the present appeal is utterly without merit

and should never have been taken, but was apparently taken for the purpose of delay only, ten per cent. of the judgment recovered, is awarded under the Code, § 6-1801.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*