28079. WILLIAMS *v.* CITY OF ATLANTA.

DECIDED JANUARY 11, 1940.

*C. G. Battle,* for plaintiff in error.

*J. C. Savage, C. S. Winn, J. C. Murphy, E. L. Sterne,* contra.

GUERRY, J. . The petition for certiorari in the present case alleges among other things that "petitioner shows that he has made the bond for his release from custody, a certified copy thereof is hereto attached as exhibit 'B' and made a part hereof; the terms and conditions of which are that he will personally be and appear to abide the final order, judgment, or sentence imposed upon him in said case, and in such event said bond to be void; else of full force and effect." The bond itself, as shown by the exhibit attached, is payable to the City of Atlanta in the sum of $200, subject to the following provisions: "The principal of this bond having been, on the 21st day of February, 1939, convicted in the recorder's court of the City of Atlanta for violating beer ordinance, and having been given a sentence of thirty days in the city stockade or pay a fine of $50 and cost, his bond being assessed at $200, the said principal having filed notice of his intention to certiorari said case as provided by law. Now if the said C. R. Williams shall personally be and appear and abide the final order, judgment, and sentence upon him in said case, then this bond to be void, otherwise of force." This bond was marked approved by C. O. Murphy, clerk of recorder's court; and a certificate was also attached from the clerk of the recorder's court showing that the affidavit and bond attached is a true and correct copy of the bond on file in the recorder's court of the City of Atlanta.

The bond in this case, which is made a part of the petition, shows affirmatively that it was filed in the recorder's court, that it was approved by the clerk of that court, and that the amount of the bond was the amount assessed against him. There is a certificate from the clerk of the recorder's court that the bond attached to the petition for certiorari is a true and correct copy of the bond of file in the recorder's court, which bond had been approved by him. We think the allegations of the petition for certiorari and the exhibits which are a part thereof affirmatively show that the

amount of the bond is the amount which was assessed by the court. The bond was properly conditioned. It was approved and filed by the clerk of the recorder's court. This necessarily implies that it was accepted by him. The clerk of the recorder's court certifies to the bond attached, and the bond itself shows that it was approved by the clerk. These allegations were sufficient to authorize a consideration of the petition for certiorari, and are not contrary to anything said in *Parks* v. *Ellijay*, 47 *Ga. App.* 7, 8 (169 S. E. 263). The evidence introduced was insufficient to authorize a conviction. The court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*