31862. PRESLEY *v.* PRESLEY.

DECIDED APRIL 17, 1948. REHEARING DENIED MAY 13, 1948.

*J. Madden Hatcher, Albert W. Stubbs,* for plaintiff.
*Joseph S. Ray, Foley & Chappell,* for defendant.

PARKER, J. The plaintiff is seeking to have the decree of adoption annulled and set aside on three grounds: 1. For alleged irregularities in the proceedings leading up to the adoption decree. 2. For fraud allegedly practiced by Mrs. Presley on the court. 3. For the alleged best interest of the children. These three contentions will be considered in the order stated.

■ The plaintiff can not have the adoption decree procured by him set aside and annulled by reason of defects in the adoption proceedings instituted by him and on which the decree was obtained. "Where adoptive parents seek and obtain the decree they ask for in a court of their selection, and take the child or children so adopted into the family and treat them as their own, they and their heirs and personal representatives are estopped from asserting that the child is not legally adopted." *Harper* v. *Lindsey*, 162 *Ga.* 44 (2) (132 S. E. 639), *Poss* v. *Norris*, 197 *Ga.* 513, 517 (29 S. E. 2d, 705), and *Mulligan* v. *Mulligan*, 201 *Ga.* 444 (39 S. E. 2d, 699).

■ The allegations made by the plaintiff to show that Mrs. Presley perpetrated a fraud upon the court in procuring the adoption decree are set out above. They charge merely that she intended to sue for divorce as soon as the adoption decree was made final, and that she did sue shortly after the decree was obtained. It is not alleged that the intention to sue for divorce was secret, or that it was withheld from the court, or was misrepresented to the court, or that it was undisclosed to the plaintiff or unknown to him. Nor is it alleged that the adoption was procured by reason of the alleged intention in the mind of Mrs. Presley. We do not think these essential allegations can be inferred from the petition which must be construed most strongly against the plaintiff in passing upon the general demurrer. "Every presumption is to be indulged to sustain a proceeding of adoption by a court of competent jurisdiction." *Harper* v. *Lindsey*, supra. It seems to us that the allegations failed to show fraud or acts or conduct by Mrs. Presley that would invalidate the decree, and that at most they amounted to mere conclusions of the pleader.

■ The final contention of the plaintiff is that the adoption decree should be set aside because "it is to the best interest of, and to the welfare of, said minor children." Without stating any

facts on which to base this allegation, except that Mrs. Presley had sued the plaintiff for divorce, and that no reconciliation was possible, we think that the allegation is clearly a conclusion and was not good against the general demurrer. It was not alleged that Mrs. Presley was unfit, morally or otherwise, to have the care of said children, or that she was unable financially, with or without the help of the plaintiff, to properly support and educate said children. The grounds on which the divorce action is based are habitual intoxication and cruel treatment. The oldest child had resided with the plaintiff and the defendant for more than a year, and the youngest child since birth, when the proceedings for their adoption were begun in June, 1946. It thus appears that the oldest child had been with Mrs. Presley for about two-and-one-half years, and the youngest child all of its life, when this case was brought. The plaintiff's contention that it would now be best to take these children from Mrs. Presley, just because she has sued him for divorce, under the facts appearing, is not sustained. Many of the best men and women in the land were reared by widowed mothers. A demurrer admits only such facts as are well pleaded, and not mere conclusions. *Graham* v. *Marks,* 98 *Ga.* 67, 73 (25 S. E. 931). "It is an established rule of construction that conclusions based on specific allegations are to be disregarded where the particular facts alleged either contradict them or fail to support them." *Green* v. *Spears,* 181 *Ga.* 486, 490 (182 S. E. 913). Applying these rules to this case, the judge did not err in sustaining the general demurrer and in dismissing the action.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., and Gardner, J., concur. Townsend, J., concurs specially. Felton, J., dissents.*

TOWNSEND, J., concurring specially. The petition of the plaintiff is subject to general demurrer because the children are not made parties. They are necessary parties to the case. The law of our State recognizes the rights of children to their parents in many ways. It is the duty of the parents to support and educate them. Parents have the right under certain circumstances to maintain actions for the wrongful deaths of their children. The

children inherit from the parents. Certainly the children are the most interested parties in whether or not a decree of a court shall be entered depriving them of their parents. Whoever has an interest in the decree ought, if it is practicable, to be a party. See *Gilmore* v. *Johnson*, 14 *Ga.* 683. A court on application to abrogate adoption must issue citation to the child. See In re. Souers, 135 Misc. 521 (238 N. Y. Supp. 738).

I think the children are necessary parties, and this defect appearing on the face of the petition the same is subject to general demurrer.

FELTON, J., dissenting in part, and concurring in part.

1. The petition in this case embraces three grounds on which it is claimed that the adoption decree should be set aside: (1) For defects in the adoption proceedings; (2) for fraud on the court; and (3) for the best interests of the children. This case was originally assigned to me to write and when my opinion was passed on by the other judges I found myself a lone dissenter (as seems to happen often). The other judges concur with my opinion as to the first ground. My opinion originally as to the other two grounds was that the petition set forth a cause of action against a general demurrer.

2. The question whether the children should be made parties is raised by Judge Townsend. The idea had not occurred to me at all until he raised the question. The force of his argument has persuaded me that his point is well taken insofar as the second ground is concerned. That ground is urged under the general provisions of law. In such a case the decree could not be set aside so as to affect the children's rights of inheritance from the adopting father without their being made parties and in such a case as this I think a general demurrer reaches the point. Were it not for this defect I would think the facts alleged make out a good case under general law to set the decree aside for the following reasons: Code (Ann. Supp.), § 74-402, provides: "Any adult person may petition for leave to adopt a child if such person is (1) at least 25 years of age, or (2) married and living with husband or wife. If a person is married the petition must be filed in the name of both husband and wife." Adoption, unknown at common law, is purely statutory. In providing who may adopt, it seems obvious that the legislature intended that persons married but

living in a state of separation should not be allowed to adopt children in this State in order that children should not be placed in broken homes. Under my construction of the law the courts of this State are not authorized to place children for adoption in homes where the husband and wife are not living together. It follows, therefore, that if the wife in this case had intended immediately upon obtaining the decree of adoption to separate from the plaintiff, her husband, and divorce him, and this intention had been known to the court, I conclusively presume that the court would have denied the adoption as being in flagrant violation of the spirit of the statute. The petition alleges that this intention on the part of the wife existed prior to the adoption decree and, by necessary inference, was concealed from the court, and that this intention constituted a fraud on the court. Such an allegation of fraud is good as against general demurrer. A parent would not be estopped to assert such a ground unless it was shown by way of defense that the husband knew of such intention at the time of the decree of adoption and he participated in the fraud or failed to apprise the court of its existence.

3. Our adoption law is a creature of statute and is a law unto itself. It has for its basic and fundamental consideration the best interests of children placed for adoption. In my judgment, the fact of a child's inheriting from an adopting parent is a mere incident—a by-product of the child's best interest until its reaches maturity. It is hard to imagine a case where a prospect alone could outweigh other things indisputably not for the best interest of a child during its formative years. Under our law an adoption decree is always in the breast of the court and subject always to the court's supervision and in my judgment it is not necessary for the child to be a party to the proceeding to set aside an adoption decree brought under the act of 1941 in the best interests of a child. The petition in this case shows a broken home and the necessity of the support of the children through forced contributions, and while the ground of fraud is insufficient alone it throws light on the fitness of the mother if the allegations are true. I think this ground of the petition is good against general demurrer and that the judge should have heard evidence on the big question whether it was for the best interests of the children to set aside the adoption decree. In general my reasons are as fol-

lows: Prior to 1941 no statutory provision for annulling adoption decrees existed in Georgia. In that year the legislature made a comprehensive revision of our adoption law and provided (Ga. L., 1941, p. 306, Code, Ann. Supp., § 74-416) upon what grounds an adoption decree might be·set aside. These grounds are (1) failure on the part of the parents to faithfully perform their obligations to the child, (2) if within 7 years from the date of the final adoption the child should develop certain enumerated diseases resulting from conditions existing prior to the adoption and which were unknown to the adopting parents, and (3) for other good cause shown to the court. It is provided that a petition for annulment may be filed by any person or public or. private agency in the court granting the final decree of adoption. Grounds one and three are for the protection of the child while ground two is for the protection of the parents. It is implicit in the first ground that it should and would be filed by one other than a parent in that the failure in that provision means dereliction of duty and not inability to faithfully perform. It is implicit in the second provision that the petition for annulment would be brought by the parents. In proceedings to annual under the third provision any person or any public or private agency may be the movants in the interest of the adopted child or children. The contention that a parent is not included in the term "any person" is not well founded. The mere fact that the law contemplates that in one situation one other than the parents shall be the movant, and that in another situation the parents shall be the movants, does not mean that the parents may not be the movants under the broad provision that the decree may be set aside in the interests of adopted children. The power of the courts to provide for the best interests of adopted children would be seriously circumscribed if parents in certain cases could not petition for annulment. Adopting parents might become ill or destitute, and one of the parents might become unfit or dangerous, and many other conditions might be suggested to show that it was not the intention of the legislature to exclude adopting parents from the list of those who may petition for annulment of adoption decrees. As to this ground I think the petition set forth a cause of action, and that the court erred in sustaining the general demurrer and in dismissing the action.