38292. LAUGHLIN MOTORS, INC. v. GENERAL
FINANCE & THRIFT CORPORATION.

Decided June 16, 1960.

*Preston L. Holland,* for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Charles L. Weltner,* contra.

NICHOLS, Judge. There is no contention that the plaintiff's petition as originally filed was not subject to the demurrers which alleged that the action was barred by the statute of limitations, and the sole question for decision is whether the amendment corrected this defect so that the petition as amended was not subject to such demurrers.

The amendment alleged that the defendant here sued W. J. Laughlin in a separate action in the Civil Court of Fulton County, that the defendant there filed a cross-action in which he sought affirmative relief for use of the plaintiff here, that the demurrers of the plaintiff in that action, the defendant here, to the cross-action were sustained on November 8, 1957, but that the final judgment was not rendered in such case until April 22, 1958, after a jury verdict. The present action was filed on August 6, 1958.

It is contended that under Code § 3-808 the plaintiff could file the present action any time within six months from the date of the final judgment in the former case in which the defendant here had sued J. W. Laughlin. Such contention is without merit, for construing the allegations of the petition against the pleader, as must be done on general demurrer, the petition alleges that the trial court in the former action sustained the general demurrer to the cross-action and struck such cross-action, and where neither the petition, nor the exhibits attached thereto shows the ground of demurrer filed to the cross-action, it must be assumed that the trial court determined that such cross-action failed to set forth a cause of action against the plaintiff in such orig-

inal action (defendant in the cross-action). Such judgment was a ruling on the merits of the case. See *Ternest v. Georgia Coast &c. R. Co.*, 19 Ga. App. 94 (90 S. E. 1040); *Brinson v. Kramer*, 72 Ga. App. 63, 66 (33 S. E. 2d 41), and citations. In the former case, referring to Code § 3-808, it was said: "If dismissed on general demurrer there was no right of renewal under the statute." The present case shows that the former pleading which sought affirmative relief against the defendant here was dismissed on general demurrer, and the attempt by the plaintiff to claim that the statute of limitations was tolled by such cross-action so as to allow the plaintiff here six months after the final judgment in such case to bring another action is without merit.

Whether the individual action by J. W. Laughlin in filing the cross-action would toll the statute for Laughlin Motors, Inc., or the date such judgment sustaining the general demurrer to the cross-action was effective if it would otherwise toll the statute of limitations, become moot questions and need not be passed upon.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*