39584. MORRISON v. BOWEN, Trustee, et al.

CARLISLE, Presiding Judge. 1. A general demurrer admits as true facts properly pleaded, but not mere conclusions of the pleader where facts are not averred upon which the conclusions are supposed to rest. *Huson Ice & Coal Co. v. City of Covington,* 178 Ga. 6, 10 (172 SE 56); *Yatesville Banking Co. v. Fourth Nat. Bank,* 17 Ga. App. 420 (87 SE 606); *Presley v. Presley,* 77 Ga. App. 99 (47 SE2d 647); *Dowling v. Southwell,* 95 Ga. App. 29 (96 SE2d 903); *Savannah News-Press, Inc. v. Harley,* 100 Ga. App. 387 (111 SE2d 259).

2. In *Capers v. Ball,* 211 Ga. 502, 505 (87 SE2d 85) it was held that a recital in a bill of exceptions that it had been tendered "within the time provided by law" is a mere conclusion and not an affirmative showing of anything. Similarly, the recital in the petition that the plaintiff "within the time provided by law renews her case pursuant to *Code* § 3-808" is a conclusion and fails to show affirmatively that the plaintiff has a right within the purview of that Code section to renew her action. In order to show the right to renew the suit within six months after the dismissal of a prior suit on the same cause of action, when such right is relied upon to relieve the plaintiff of the bar of the statute of limitation, it is necessary for the renewal petition to show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under *Code* § 3-808, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition. *Talley v. Commercial Credit Co.,* 173 Ga. 828 (2) (161 SE 832); *Barber v. Rome,* 39 Ga. App. 225 (146 SE 856); *Ternest v. Ga. Coast &c. R.,* 19 Ga. App. 94 (90 SE 1040); *Laughlin Motors v. General Finance &c. Corp.,* 101 Ga. App. 846 (115 SE2d 574).

3. The petition here which was filed in the Superior Court of DeKalb County merely alleges in paragraph 15 that the plaintiff "filed this action originally on September 21, 1954, in this court against the same defendants, said case being No. 18,634, and thereafter on May 29, 1961, a judgment was entered dismissing said case, and now within the time provided

by law plaintiff renews her case." Under the rules of law enunciated in the preceding headnotes this allegation was insufficient, and the general demurrer to the petition was properly sustained.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED JULY 2, 1962—REHEARING DENIED JULY 31, 1962.

*Sheats, Parker & Webb, Guy Parker,* for plaintiff in error. *Zachary & Hunter,* contra.