## 64815. DUCKWORTH v. COLLIER et al.
## 64816. SMART v. DUCKWORTH.

QUILLIAN, Chief Judge.

This is an action to recover damages for breach of a lease and trover.

The action arose from the following circumstances: defendant Collier is the executrix of the estate of her husband, Clarence Collier, who owned a parcel of real property on Stewart Avenue in southwest Atlanta which he leased to defendant Smart. Early in 1977 Duckworth, the plaintiff, rented a portion of the property from Smart on a month-to-month basis and conducted a retail used auto sales business on it. In September, 1977 Duckworth and Smart entered into a written one-year lease agreement on the same property Duckworth had been renting. On October 3, 1977 Smart, without any notice to Duckworth, leased the same property to a corporation doing business as Wholesale Cars of Georgia. Shortly thereafter representatives of Wholesale Cars took possession of the property, ordered Duckworth off the premises and prevented him from reentering to remove his tools and other business equipment.

In July, 1978 Duckworth apparently commenced an action for damages against Smart for interfering with his business by breaching the lease. This action was apparently dismissed without prejudice and thereafter, in December, 1981, the present action was commenced against Smart and Mrs. Collier. The case went to trial on one count of breach of the lease contract and one count of trover, alleging that defendants had refused to return Duckworth's tools to him after demand.

At trial, the trial court granted a directed verdict to Mrs. Collier on the breach of lease count on Duckworth's acknowledgement that he had no case against her on that count. The trial court also dismissed the trover count against both defendants, apparently on the grounds that the statute of limitation had run and insufficiency of the evidence. In so doing, the court refused to let appellant produce

evidence that he had initially filed the action in 1978, was dismissed without prejudice and filed the present action within six months thereafter. On the remaining count of breach of the lease, the trial court ruled that no tortious or punitive damages could be recovered because tort aspects were dismissed on statute of limitation grounds. The court also ruled that the proof was insufficient to support actual damages. The case went to the jury on the breach of lease count limited to nominal damages only. The jury returned a verdict of $1,500 for Duckworth from which he appeals. Smart cross-appeals.

Duckworth alleges that the trial court erred in directing a verdict in favor of Mrs. Collier on both counts, in refusing to charge on actual damages and in directing a verdict for defendants as to tort liability for the breach of the lease based on the statute of limitations. Smart's only allegation of error is that the verdict was not supported by the evidence and that the award of nominal damages was excessive. *Held:*

1. The trial court did not err in directing a verdict for both defendants on the trover count because the statute of limitations had run and in effect doing the same on any tortious damages arising from the breach of the lease. The action was filed in December, 1981, the alleged acts occurred in October, 1977 and the four-year statute of limitation of Code Ann. § 3-1003 (Ga. L. 1855-6, p. 233) applied. Code Ann. § 3-808 (Ga. L. 1847, Cobb, 569; as amended through 1967, pp. 226, 244) might have protected Duckworth from a dismissal or directed verdict on statute of limitation grounds, if, after the trial court refused to hear any evidence of his prior filing of the same action, he had placed in the record by an offer of proof or otherwise, evidence that he had filed the instant case within six months after dismissal without prejudice of a prior action brought within the statute of limitation. However, the record contains no such evidence.

"Where there is nothing in the record to support a contention of error, there is nothing to review . . ." *Taurus Productions v. Maryland &c. Indus.,* 155 Ga. App. 147, 148 (270 SE2d 337).

2. The trial court correctly ruled that there was insufficient evidence to support a charge on actual damages for breach of the lease. The measure of damages for breach of a lease is the difference between the fair market value of the unexpired term and the agreed rental. *Pure Oil Co. v. Dukes,* 107 Ga. App. 326 (3) (130 SE2d 324). While the agreed rental is easily ascertainable, there is no competent evidence of the fair market value of the unexpired term of the lease.

3. Cross-appellant Smart's allegation that there was no evidence to support the verdict and that the nominal damages awarded were excessive is also without merit.

There is ample evidence to authorize the jury to find that Smart

breached the lease. As to the amount of damages: " 'A recovery may be classified as coming under the definition of nominal damages where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent.' [Cit.] In such a case the jury's prerogative of fixing the amount of recovery of damages termed nominal will not be disturbed on appeal, except in extreme cases. [Cits.] The jury's award of $1,000 nominal damages, viewed in conjunction with the evidence of actual damage, is not excessive." *Ponce de Leon &c. v. DiGirolamo,* 238 Ga. 188 (3), 190 (232 SE2d 62).

Likewise, in the instant case, we find the award of nominal damages not excessive under the circumstances.

4. The remaining allegations of error are either mooted by the foregoing findings or are not meritorious.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 26, 1982.

*Fred A. Gilbert, John Matteson,* for Duckworth.
*John L. Green,* for Collier and Smart.