## A02A1313. BELCHER v. FOLSOM.
(573 SE2d 447)

RUFFIN, Presiding Judge.

Catherine Belcher sued John Folsom d/b/a Folsom's Auto Sales, Inc. ("Folsom") for wrongful repossession. Folsom moved to dismiss Belcher's complaint on the ground that it was barred by the statute of limitation. The trial court granted Folsom's motion, and Belcher appealed. Finding no error, we affirm.

Belcher contends that the instant case is a renewal action filed under OCGA § 9-2-61 (a). Although the record of the original case is not before the Court, the parties agree that Belcher filed her original complaint against Folsom in the Superior Court of Lowndes County on September 7, 2000. Folsom acknowledges that he was timely served with the complaint on September 9, 2000. A dismissal of the original complaint is not part of the appellate record, but Belcher contends in her brief that she "voluntarily dismissed this complaint on May 17, 2001 pursuant to OCGA § 9-2-61 reserving her right to refile within six (6) months." Folsom does not dispute that Belcher dismissed the complaint, but asserts that, "[p]ursuant to the stamped filed Voluntary Dismissal, . . . the Appellant voluntary [sic] dismissed her complaint . . . with prejudice 'pursuant to Section 14 (a) of the Civil Practice Act' not OCGA § 9-2-61 as alleged in the Appellant's Statement of Facts."

Belcher filed the instant complaint on August 14, 2001, alleging that, on May 25, 1999, Folsom wrongfully repossessed her vehicle. The complaint does not indicate that it is a renewal action, and Folsom moved to dismiss the action arguing that it was barred by a two-year statute of limitation. After an evidentiary hearing, the trial court granted Folsom's motion because Belcher had made no showing, by amendment or by affidavit, that the statute of limitation had been tolled. This appeal ensued.

The right to renew a previously dismissed action after the statute of limitation has expired is governed by OCGA § 9-2-61, which provides in part that

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable

period of limitation, this privilege of renewal shall be exercised only once.[1]

In this case, Belcher concedes that her complaint was governed by a two-year statute of limitation.[2] She argues, however, that OCGA § 9-2-61 did not require her to establish that her second complaint was properly filed as a renewal action. We disagree.
We have held that

[i]n order to show the right to renew the suit within six months after the dismissal of a prior suit on the same cause of action, when such right is relied upon to relieve the plaintiff of the bar of the statute of limitation, it is necessary for the renewal petition to show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under [OCGA § 9-2-61], that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.[3]

This Court and our Supreme Court have since ruled that a plaintiff may make the requisite showing by proof outside the renewed complaint. In *Duckworth v. Collier*,[4] we indicated that a plaintiff could satisfy his burden by offering evidence that the renewed complaint was properly filed. And, in *Petkas v. Grizzard*,[5] where the plaintiff failed to make the showing in his complaint, the Supreme Court ruled that, because the renewed action was filed in the same court as the original action, the trial court could take judicial notice of the physical record from the original action in determining if the renewed action met the tests for renewal.

In this case, Belcher did not make the requisite showing in her renewed complaint, nor does the record contain any evidence that her complaint met the test for renewal. And, although both actions were apparently filed in the same court, there is no indication that Belcher requested that the trial court take judicial notice of the record in her original case. " 'Where there is nothing in the record to

---

[1] OCGA § 9-2-61 (a) (Supp. 2002).

[2] Accordingly, we assume, without deciding, that Belcher's claims are governed by a two-year statute of limitation, and any question concerning the applicable statute of limitation is not before the Court.

[3] *Morrison v. Bowen*, 106 Ga. App. 464 (2) (127 SE2d 194) (1962).

[4] 164 Ga. App. 139, 140 (1) (296 SE2d 640) (1982).

[5] 252 Ga. 104, 108 (312 SE2d 107) (1984).

support a contention of error, there is nothing to review.' "[6] Accordingly, we conclude that Belcher has not met her burden of showing that the trial court erred in concluding that her action was barred by the statute of limitation.[7]

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 29, 2002.

*Copeland & Haugabrook, Karla L. Walker*, for appellant.
*Smith, Hannan & Parker, Bradley M. Hannan*, for appellee.

[6] *Duckworth*, supra.
[7] See id.