**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 20, 2017**

# In the Court of Appeals of Georgia

A17A0590.  WHITESELL,  et  al.  v.  GEORGIA  POWER COMPANY.

MILLER, Presiding Judge.

This appeal arises from the death of Leroy Vernon Jones after he was struck by vehicles while walking along a road at night in Valdosta. The administrators of Jones's estate and his daughter (collectively "Whitesell") timely sued Georgia Power Company ("Georgia Power"), alleging that inadequate lighting on the road caused Jones's death. After Whitesell voluntarily dismissed that suit, he filed an attempted renewal suit. Whitesell now appeals from the trial court's dismissal of his attempted renewal suit. For the following reasons, we affirm.

We review a trial court's grant of a motion to dismiss de novo. *Brown v. J.H. Harvey Co.*, 268 Ga. App. 322 (1) (601 SE2d 808) (2004).

So viewed, the parties agree that Jones died on November 14, 2011, that Whitesell filed a wrongful death lawsuit against several parties, including Georgia Power, on November 13, 2013, (the "2013 Suit"), and that Whitesell voluntarily dismissed the 2013 Suit on March 5, 2014. Whitesell did not include the pleadings related to the 2013 Suit in the record for this Court to review. Whitesell subsequently filed the instant lawsuit solely against Georgia Power on August 27, 2014 (the "2014 Suit"). The complaint filed in the 2014 Suit, however, made no reference to the 2013 Suit.

Georgia Power timely answered the 2014 Suit and moved to dismiss it. Whitesell opposed the motion to dismiss and, in response to it, amended the 2014 Suit to state: "[t]his is a renewal action against the Defendant Georgia Power pursuant to OCGA § 9-2-61. This lawsuit was originally filed in Lowndes County, Georgia, under Civil Action #2013CV2462." In a brief order, the trial court granted Georgia Power's motion to dismiss.

1. In his sole enumeration of error, Whitesell contends that the trial court erred in dismissing the 2014 Suit. We find no error.

Whitesell had 2 years to file suit, and it is undisputed that the statute of limitations on the claim expired on November 14, 2013, the day after suit was filed. OCGA § 9-3-33. Although suit generally must be filed prior to expiration of the statute of limitations, Georgia law provides an exception for filing a renewal suit after the expiration of the statute of limitations in certain circumstances. Specifically, Whitesell's right to take advantage of this exception and file a renewal suit is governed by OCGA § 9-2-61 and the cases interpreting it. *Belcher v. Folsom*, 258 Ga. App. 191 (573 SE2d 447) (2002). That statute provides:

> When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

OCGA § 9-2-61 (a).

The 2014 Suit was filed after the expiration of the statute of limitations, consequently, for the suit to survive a motion to dismiss, Whitesell needed to show

3

entitlement to file a renewal suit and that he followed the proper procedure to file a renewal suit.

It is well settled that,

> in order to show the right to renew the suit within six months after the dismissal of a prior suit on the same cause of action, when such right is relied upon to relieve the plaintiff of the bar of the statute of limitation, it is necessary for the renewal petition to *show affirmatively* that the former petition was not a void suit, that it is such a valid suit as may be renewed under OCGA § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.

(Footnote, citation, and punctuation omitted; emphasis supplied.) *Belcher*, supra, 258 Ga. App. at 192; see also *Morrison v. Bowen*, 106 Ga. App. 464 (2) (127 SE2d 194) (1962) (citing *Talley v. Commercial Credit Co. of Georgia*, 173 Ga. 828 (2) (161 SE 832) (1931)). Our Supreme Court has ruled that when a renewal action has been filed in the same court as the original action, the trial court may take judicial notice of the physical record from the original action in determining if the renewed action met the tests for renewal. *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984). The trial court, however, is not required to take this judicial notice. Id.

4

Here, when Georgia Power moved to dismiss the complaint based, in part, on Whitesell's failure to plead that the 2014 Suit was properly filed as a renewal action, Whitesell amended his 2014 complaint. The amended language, however, failed to cure the defect in a manner which complies with the requirements set out by case law. Instead, the amended complaint simply stated "[t]his is a renewal action against the Defendant Georgia Power pursuant to OCGA § 9-2-61. This lawsuit was originally filed in Lowndes County, Georgia, under Civil Action #2013CV2462."

Pretermitting whether the amendment to the 2014 Suit related back, the amended language of the 2014 Suit does not *affirmatively show* that the 2013 Suit was not void, pleadings from the 2013 Suit are not in the record on appeal for this Court to review, and the record does not show that the trial court exercised its discretion to take judicial notice of the 2013 Suit. Moreover, the 2014 Suit, as amended, does not state that it is based upon substantially the same cause of action as the 2013 Suit, or that the 2013 Suit was not dismissed on its merits. Indeed, we have found language more descriptive than the amended language in the 2014 Suit to be insufficient to *affirmatively show* that a renewal suit is properly filed. See *Morrison*, supra, 106 Ga. App. at 464 (3) (renewal complaint was insufficient, even though it identified date original suit filed and its case number, stated that both suits

5

were against the same defendants, and stated the date of the order dismissing the original case).

Here, Whitesell failed to affirmatively show in his pleading that the 2014 Suit was a properly filed renewal suit as required by this Court's prior case law. Consequently, the trial court properly dismissed the 2014 Suit. To allow Whitesell's suit to proceed would be to disregard this Court's prior precedent interpreting OCGA § 9-2-61 (a), and that we cannot do. We acknowledge that the result of our holding is that Whitehall is permanently barred from asserting these claims against Georgia Power, and we do not take that result lightly. Nonetheless, our case law is clear about what a plaintiff seeking to avoid a statute of limitations bar must plead in a renewal lawsuit. See e.g. *Belcher*, supra, 258 Ga. App. at 192. If the trial court has not taken judicial notice of a prior lawsuit, then the plaintiff must *affirmatively show* in the complaint that the renewal lawsuit is properly filed. Id.; *Petkas*, supra, 252 Ga. at 108. This was not shown conclusively in this case. *Belcher* and similar cases provide parties with the advantageous benefit of clarity with regard to pleading requirements for filing for a renewal suit, however, when a party disregards the requirements clearly stated by this Court, the harsh result of dismissal can result. Accordingly, the trial court did not err.

6

*2.* In light of this holding, we need not address the timeliness of service of process on Georgia Power.

*Judgment affirmed. Doyle, C. J., and Reese, J., concur.*