**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 25, 2021**

# In the Court of Appeals of Georgia

A20A1971. STRICKLAND et al. v. GEICO GENERAL INSURANCE COMPANY.

MERCIER, Judge.

Emily K. Strickland (now known as Emily K. Bass) and her husband, Joshua Bass, (collectively, "the plaintiffs") appeal from the trial court's order dismissing their complaint in this personal injury action. For reasons that follow, we reverse.

Our review of the trial court's dismissal ruling is de novo. See *Whitesell v. Ga. Power Co.*, 341 Ga. App. 279, 280 (800 SE2d 370) (2017). The relevant facts are not in dispute. On July 5, 2018, Strickland sued Charles Lawrence Brower for personal injuries and other damages she allegedly sustained when Brower's vehicle struck the vehicle she was driving on July 25, 2016. Strickland voluntarily dismissed that complaint without prejudice on April 15, 2019. Just over two months later, on June

24, 2019, Strickland sought to renew her lawsuit by filing a new complaint against Brower. Bass joined in the action, alleging a claim for loss of consortium. The plaintiffs served the renewal complaint on Brower, as well as Geico General Insurance Company ("Geico"), an uninsured motorist carrier potentially responsible for the damages.[1]

Geico challenged the sufficiency of the complaint in its answer and also moved to dismiss, arguing that the plaintiffs "failed to include . . . the required pleadings to have a valid renewal action." On November 29, 2019, the plaintiffs filed an amended renewal complaint to correct any defects in the original renewal pleading. The trial court, however, granted Geico's motion to dismiss, and this appeal followed.

Georgia's renewal statute, codified at OCGA § 9-2-61, permits a claimant to renew or "recommence" a previously-filed, timely lawsuit that was voluntarily dismissed without prejudice. See *Cracker Barrel Old Country Store v. Robinson*, 341

---

[1] "Service on the [uninsured motorist] carrier is permissible at any time within which valid service could be made on the defendant. And regardless of whether the claimant served the [uninsured motorist] carrier in the original suit, proper service in a renewal action" satisfies the service requirements of the Uninsured Motorist Act. *Hayward v. Retention Alternatives*, 291 Ga. App. 232, 233 (1) (661 SE2d 862) (2008), aff'd, 285 Ga. 437 (678 SE2d 877) (2009) (citations and punctuation omitted).

Ga. App. 285, 288 (2) (800 SE2d 372) (2017); *Hiley v. McGoogan*, 177 Ga. App. 809, 811 (341 SE2d 461) (1986). Pursuant to OCGA § 9-2-61 (a):

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later[.]

Strickland filed her first complaint against Brower within the two-year statute of limitation for personal injury actions. See OCGA § 9-3-33. She voluntarily dismissed that complaint in April 2019. Although the limitation period on Strickland's personal injury claims had expired by June 2019, when the plaintiffs attempted to renew the suit and add a claim for Bass's loss of consortium,[2] they commenced the renewal action within six months of the voluntary dismissal, as required by OCGA § 9-2-61 (a). Nevertheless, Geico argued below, and the trial court found, that the renewed complaint was invalid because it lacked required information.

---

[2] Bass's loss of consortium claim, which is subject to a four-year statute of limitation, was timely filed on June 24, 2019. See OCGA § 9-3-33. Nothing in the renewal statute restricts his ability to file this claim. See OCGA § 9-2-61 (a).

When a plaintiff relies upon the renewal statute to recommence a suit that otherwise would be barred by the statute of limitation,

> the renewal petition [must] show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under OCGA § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.

*Whitesell*, supra at 281 (1) (citation, punctuation, and emphasis omitted).

The plaintiffs' renewal complaint referenced Strickland's original action by name and case number, stating: "This action is a renewal of an action voluntarily dismissed on April 15, 2019 and re-filed within six months from the date of the voluntary dismissal without prejudice." But it did not provide any other information about the prior suit, that suit's validity, or the claims alleged. As originally filed, therefore, the renewal complaint did not establish Strickland's right to renew. See *Whitesell*, supra at 282 (1) (renewal complaint properly dismissed where claimant "failed to affirmatively show in his pleading that the 2014 Suit was a properly filed renewal suit").

4

To remedy these deficiencies, the plaintiffs filed an amended renewal complaint, explicitly averring as follows:

> This action is a renewal of an action voluntarily dismissed on April 15, 2019 and refiled within six months from the date of the voluntary dismissal without prejudice. Emily K. Strickland n/k/a Emily K. Bass v. Charles Lawrence Brower, Civil Action File Number 18-C-078. The former suit filed was not void, it was a valid suit which may be renewed pursuant to O.C.G.A. § 9-2-61, it is based upon substantially the same cause of action as [the] previous dismissed suit, and it is not the renewal of an action dismissed on its merits.

They also filed a copy of the complaint from the prior proceeding, proof that the previous complaint had been served on Brower, and a copy of Strickland's voluntary dismissal of that complaint without prejudice.

Geico does not question that the allegations in the amended renewal complaint and the evidence filed by the plaintiffs satisfied the requirements of OCGA § 9-2-61. Instead, it argues that the amendment, filed after the six month renewal period had expired, does not relate back to the filing of the original renewal complaint and is therefore untimely.

We disagree. Under OCGA § 9-11-15 (c), if a claim "asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted

5

to be set forth in the original pleading, the amendment relates back to the date of the original pleading." This relation-back provision should be "liberally construed to effect its purpose of ameliorating the impact of the statute of limitation." *Seay v. Valdosta Kidney Clinic*, 353 Ga. App. 378, 381 (1) (837 SE2d 529) (2020). And the record shows that the plaintiffs' amended renewal complaint arose out of the same conduct, transaction, or occurrence "set forth or attempted to be set forth" in the original renewal complaint. OCGA § 9-11-15 (c). The amendment sought only to add necessary factual allegations relating to renewal that were omitted from the original renewal complaint.

Geico claims that OCGA § 9-11-15 (c) does not apply here because without the required factual allegations, the original renewal complaint was "void," providing nothing to which the amendment can relate back. But a party may cure a defect in a pleading through an amendment that relates back to the original pleading's filing date. See *Murray v. DeKalb Farmers Mkt.*, 305 Ga. App. 523, 525 (1) (699 SE2d 842) (2010) (although corporation's original answer was deficient because it lacked the signature of an attorney, amended answer that contained the appropriate signature related back to date of original filing). Such curable defects include the omission of

6

factual allegations that "are conditions precedent to the existence of the right of action." *Middlebrooks v. Daniels*, 129 Ga. App. 790 (201 SE2d 338) (1973).

The plaintiffs' original renewal complaint was filed against the same defendant as the voluntarily-dismissed, prior action; alleged essentially the same claims (plus Bass's new, timely claim for loss of consortium); and referenced the renewal statute. Compare *Allstate Ins. Co. v. Baldwin*, 244 Ga. App. 664, 665-666 (1) & (2) (536 SE2d 558) (2000) (renewal complaint was invalid, and thus provided no basis for amended renewal complaint to relate back, where claimant failed to name original defendant as a party to the renewal action). Although it lacked complete information regarding the previous suit, our courts have *not* required that all information necessary for renewal be contained in the renewal complaint. Proof supporting the renewal may be submitted separately by the claimant, or a trial court may take judicial notice of the required facts. See *Whitesell*, supra at 281 (1) ("Our Supreme Court has ruled that when a renewal action has been filed in the same court as the original action, the trial court may take judicial notice of the physical record from the original action in determining if the renewed action met the tests for renewal."); *Belcher v. Folsom*, 258 Ga. App. 191, 192 (573 SE2d 447) (2002) (claimant may make the

7

showing required for renewal under OCGA § 9-2-61 "by proof outside the renewed complaint"). Clearly, therefore, the original renewal complaint was not "void."

The plaintiffs filed an amendment to their timely renewal complaint, alleging the facts necessary for renewal under OCGA § 9-2-61. They also submitted evidence supporting these allegations. Geico has offered no valid basis for rejecting this evidence, deeming the plaintiffs' amended renewal complaint untimely, or finding that the plaintiffs failed to meet the renewal requirements. The trial court, therefore, erred in granting Geico's motion to dismiss. See generally *Gresham v. Harris*, 329 Ga. App. 465, 469 (765 SE2d 400) (2014) ("[A] remedial act like the renewal statute must be liberally construed[.]").

*Judgment reversed. Miller, P. J., and Senior Appellate Judge Herbert E. Phipps., concur.*