[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 20-13147
Non-Argument Calendar
————————————————

D.C. Docket No. 1:19-cv-05735-WMR

VINCENT JESTER,

Plaintiff - Appellant,

versus

EMERSON CLIMATE TECHNOLOGIES, INC.,
EMERSON ELECTRIC CO.,
d.b.a. Fusite,
JOHN DOE A,
JOHN DOE B,
JOHN DOE C, et al.,

Defendants - Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(March 12, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Vincent Jester appeals a district court's dismissal of his First Amended Complaint as barred by the statute of limitations. Jester brought a products liability action against Emerson Climate Technologies (Emerson) to recover for personal injuries he sustained on September 18, 2016. Jester alleged that on that date, an Emerson HVAC unit he was working on spewed hot oil and severely burned him.

Jester first sued Emerson on July 23, 2018 in the State Court of Gwinnett County, Georgia. The complaint was timely: it was filed within the two-year statute of limitations. *See* O.C.G.A. § 9-3-33. Emerson removed the action to the United States District Court for the Northern District of Georgia based on diversity jurisdiction. The parties later filed a Joint Stipulation of Voluntary Dismissal Without Prejudice on May 22, 2019. Per the Joint Stipulation, Plaintiff agreed that any action recommenced "pursuant to O.C.G.A. § 9-2-61 . . . shall be filed in the United States District Court for the Northern District of Georgia – Atlanta Division."

Section 9-2-61(a) provides that:

> [w]hen any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommended in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the

2

> applicable period of limitation, this privilege of renewal
> shall be exercised only once.

Additionally, when a renewal is filed after the statute of limitations has run, a plaintiff is required "to show entitlement to file a renewal suit and that he followed the proper procedure to file a renewal suit." *Whitesell v. Ga. Power Co.*, 800 S.E.2d 370, 371 (Ga. App. 2017).

Seeking to avail himself of this renewal right, Jester refiled his complaint on November 20, 2019 (November Complaint). However, contrary to the Stipulation, Jester refiled in the State Court of Gwinnett County, Georgia. On December 20, 2019, Defendants removed the action to the Northern District of Georgia and moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations. Jester filed his First Amended Complaint (Amended Complaint)—per Fed. R. Civ. P. 15(a)(1)(c)—on January 6, 2020. Emerson again moved to dismiss the complaint as time barred.

The District Court granted Emerson's Motion to Dismiss Plaintiff's First Amended Complaint. The court explained that the Amended Complaint was filed after the expiration of the two-year statute of limitations and did not meet the requirements of § 9-2-61. The November Complaint was also not a proper renewal action because Jester did not affirmatively show his right to renewal and because it was filed in state court, contrary to the Stipulation. Finally, the district court found that the Amended Complaint could not relate back to the November Complaint

3

because the November Complaint was an invalid attempt at renewal—so there was nothing to relate back to—and in any event it did not cure the deficiencies.

After thorough consideration of the record and Georgia state law, we reverse the District Court. Jester satisfied the requirements of § 9-2-61 in his Amended Complaint, which relates back to his November Complaint. Accordingly, he instituted a proper renewal action. Jester's violation of the Stipulation was not fatal to his claim.

## I.

We review de novo whether claims are barred by the statute of limitations. *Powers v. Graff*, 148 F.3d 1223, 1226 n.6 (11th Cir. 1998). We review a district court's determination of whether an amended complaint relates back under Fed. R. Civ. P. 15 for abuse of discretion. *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1409 n.6 (11th Cir. 1998).

The district court abused its discretion in finding that the Amended Complaint did not relate back because 1) it gave improper effect to the violation of the Stipulation; and 2) it clearly erred in finding that "there [wa]s nothing 'back' to which the First Amended Complaint could 'relate.'" Because the relation back doctrine can be stacked on to the renewal statute and the Amended Complaint did make a sufficient, affirmative showing of renewal, the Amended Complaint should not have been dismissed, and we must reverse the district court.

4

II.

Georgia law allows for an Amended Complaint to relate back to a timely renewal complaint and cure any deficiencies. *See Strickland v. Geico Gen. Ins. Co.*, 2021 WL 236042, at *2 (Ga. Ct. App. Jan. 25, 2021). In *Strickland*, the plaintiff filed a complaint on July 5, 2018—within the two-year statute of limitations for their July 25, 2016 injury. *Id.* at *1. On April 15, 2019, the plaintiff voluntarily dismissed their complaint, and then refiled within the six-month period allowed by § 9-2-61 on June 24, 2019. *Id.* The defendant challenged the sufficiency of the complaint, arguing that it did not sufficiently plead a valid renewal action. The plaintiff filed an amended complaint on November 29, 2019— after the original two-year statute of limitations had expired and after the six-month renewal window had expired. *Id.*

The Georgia Court of Appeals reversed the lower court's dismissal, finding that Georgia's relation-back provision applied.[1] *Id.* at *2 (explaining that the

---

[1] The *Strickland* court applied Georgia's relation-back provision, whereas the Federal relation-back provision applies to Jester's case. This is a distinction without difference, however. Georgia's statute provides: "Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." O.C.G.A § 9-11-15(c). The Federal provision is nearly identical: "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Like the Georgia rule, Rule 15 provides that leave to amend shall be "freely given" and a refusal to do so can be an abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

5

"relation-back provision should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation.") (internal quotation mark omitted). Because "the amendment sought only to add necessary factual allegations relating to renewal that were omitted from the original renewal complaint," the amended complaint related back. *Id.* That the original renewal complaint was not sufficiently pled did not make it "void," nor did it preclude the Amended Complaint from relating back to it. "[A] party may cure a defect in a pleading through an amendment that relates back" even when the "defects include the omission of factual allegations that are conditions precedent to the existence of the right of action." *Id.* at *3 (internal quotation mark omitted).

Here, Jester's litigation mirrors that of the plaintiff in *Strickland*. Jester's Amended Complaint added only necessary factual allegations, so it falls within the purview of Rule 15. Furthermore, when "the underlying facts or circumstances . . . may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Defendants presented no evidence of bad faith, undue delay, or dilatory motive by Jester that resulted in his need to file the Amended Complaint. *See id.* Accordingly, it was an abuse of discretion for the district court to not apply the doctrine.

6

III.

The district court also erred in finding that the Amended Complaint did not "cure the procedural defects of the renewal action." It is undisputed that Jester violated the Stipulation by filing the renewal complaint in state court. But enforcement of the stipulation does not mean "there is nothing 'back' to which the First Amended Complaint could 'relate.'"

A stipulation is "any agreement made by attorneys respecting business before the court." *McDaniel v. Oliver*, 322 S.E.2d 1, 2 (Ga. Ct. App. 1984) (internal quotation mark omitted). "[P]arties to stipulations and agreements entered into in the course of judicial proceedings will not be permitted to take positions inconsistent therewith in the absence of fraud, duress or mistake." *Thompson v. Thompson*, 228 S.E.2d 886, 1887 (Ga. 1976). "A stipulation between parties, particularly in the litigation context when approved by the court is a binding contract enforceable on the basis of contract principles." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1365 (11th Cir. 2006). One may contract away his rights so long as it is not contrary to public policy. *Brown v. Five Points Parking Ctr.*, 175 S.E.2d 901, 903–04 (Ga. Ct. App. 1970).

Jester argues that the proper way for Emerson to enforce the Stipulation would be through an improper venue motion—not a motion to dismiss—but that the Stipulation is ineffective anyway because a party may not change the law by

7

stipulation. *See Heavey v. Sec. Mgmt. Co., Inc.*, 198 S.E.2d 694, 696 (Ga. Ct. App. 1973). Emerson argues that they are not seeking dismissal based on improper venue, but rather that by agreeing to the Stipulation, Jester "waive[d] the benefit" of § 9-2-61 that would have allowed him to file a renewal action in state court. *Id.* This supports Emerson's contentions that Jester did not file a proper renewal action—since he did not file in the parties' chosen forum.

As Emerson seems to acknowledge in their brief, the Stipulation amounted to a choice of forum clause. Forum selection clauses are presumptively enforceable. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Generally, forum selection clauses are enforced either through a Rule 12(b)(3) motion for dismissal based on improper venue or through a motion to transfer to the proper venue pursuant to 28 U.S.C. § 1404(a). *See e.g., Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1332–33 (11th Cir. 2011).

Emerson made clear in their brief that they are not seeking Rule 12(b)(3) dismissal, nor do they request a transfer. Emerson does not need to seek enforcement of the clause because it has already been enforced: Emerson removed the case to the District Court for the Northern District of Georgia – Atlanta Division. To that end, the forum that was chosen by the parties is the forum where the case is being litigated.

Additionally, Georgia's "renewal statute is remedial in nature; it is construed liberally." *Hobbs v. Arthur*, 444 S.E.2d 322, 360 (Ga. 1994). Therefore, since Emerson is receiving the benefit of their bargain with regard to the choice of forum, Jester's filing in state court should not prevent him from availing himself of § 9-2-61.

IV.

Because Jester's Amended Complaint relates back and is not improper based on the Stipulation violation, the only question that remains is whether the Amended Complaint affirmatively shows entitlement to file a renewal suit and follows the proper procedure.

To show the right to bring a renewal suit after the expiration of the statute of limitations, a petition must:

> show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under [O.C.G.A.] § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.

*Whitesell*, 800 S.E.2d at 371 (emphasis omitted). In *Whitesell*, a complaint that stated only: "This is a renewal action against [defendant] pursuant to [O.C.G.A.] § 9-2-61" and then specified the county and case number where the lawsuit was originally filed was not enough to affirmatively show a right to renewal. *Id.* at 372.

9

Similarly, in *Morrison v. Bowen*, a paragraph stating that plaintiff "filed this action originally on September 21, 1954, in this court against the same defendants, said case being No. 18,634, and thereafter on May 29, 1961, a judgment was entered dismissing said case, and now within the time provided by law plaintiff renews her case" was also not sufficient. 127 S.E.2d 194, 195 (Ga. Ct. App. 1962). The pleading in *Morrison* was insufficient because the plaintiff had not affirmatively shown that the former petition was not a void suit, that it was based upon substantially the same cause of action, or that the previous action had not been dismissed on the merits. *Id.*

Here, Jester made the requisite showing to properly renew his action under § 9-2-61. As required by *Whitesell*, Jester affirmatively showed that the former petition was not a void suit, the new petition was based upon substantially the same cause of action, and the previous action was not dismissed on the merits. Specifically, Jester pled in the Amended Complaint:

> Plaintiff is exercising his right to renew a previously dismissed action withing six months of dismissing a previously dismissed lawsuit in accordance with O.C.G.A. Section 9-2-61 and shows unto this Court:
> a. The plaintiff has previously filed a lawsuit against these same defendants See Case No.1:18-cv-04022-WMR [hereinafter referred to as the "PRIOR LAWSUIT"]. A copy of the PRIOR LAWSUIT is attached as Exhibit "A";
> b. The instant lawsuit is based upon substantially the same cause of action as the PRIOR LAWSUIT;
> c. The PRIOR LAWSUIT was not dismissed on its merits;

10

> d. The PRIOR LAWSUIT was properly dismissed by stipulation on May 22, 2019.
> e. Plaintiff commenced the instant lawsuit in the State Court of Gwinnett County on November 20th, 2019 or within six months of the PRIOR LAWSUIT being dismissed;
> f. The PRIOR LAWSUIT was not a void suit;
> g. The PRIOR LAWSUIT was a valid lawsuit that is renewable under O.C.G.A. § 9–2–61;
> h. The instant action is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the bringing of the petition.

Jester's allegations adequately address each of the elements required by *Whitesell*.

Jester's Amended Complaint provided much more information and detail than the complaints at issue in both *Whitesell* and *Morrison*. In particular, Jester explained the dismissal of his prior lawsuit: that it was not dismissed on the merits, was not void, and was voluntarily dismissed. He also attached the original complaint, which supports his allegation that the renewed suit is based on substantially the same cause of action. Relying on an attached exhibit is permissible, as "a plaintiff may make the requisite showing by proof outside the renewed complaint." *Belcher v. Folsom*, 573 S.E.2d 447, 449 (Ga. Ct. App. 2002) (explaining that proof may be made by offering evidence or requesting that a court take judicial notice).

The Amended Complaint contains more than "[t]hreadbare recitals of the elements of a cause of action." *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the paragraph mirrors the law as stated in *Whitesell*, it provides the facts

necessary to explain why the suit meets the requirements of Georgia's renewal statute. At the motion to dismiss stage, we accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the claimant. *See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1070 (11th Cir. 2004). Having done so here, Jester has stated a claim.

V.

For the reasons discussed above, Jester has successfully pled a renewal action. He affirmatively showed his right to renewal, his Amended Complaint relates back to his timely November complaint, and his violation of the Stipulation is not fatal. Accordingly, we reverse the district court's dismissal of Jester's First Amended Complaint.

**REVERSED** and **REMANDED.**

12