**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 31, 2025**

# In the Court of Appeals of Georgia

A25A0876. CUMMINGS v. FIRST TRANSIT, INC.

PADGETT, Judge.

On August 14, 2023, Robyn Leah Cummings sued First Transit, Inc. ("First Transit") for negligence and related claims, alleging she suffered injuries while boarding a bus operated by First Transit on August 12, 2021. Cummings later voluntarily dismissed her action, on February 15, 2024, and filed this case on August 12, 2024, as a renewal action under OCGA § 9-2-61 within six months of dismissing the first action. The trial court granted First Transit's motion to dismiss her renewal action, finding that Cummings did not file her original action within the applicable statute of limitations, OCGA § 9-3-33, and was therefore barred from renewing it under OCGA § 9-2-61 (a). Cummings appeals, and we reverse.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." *McWilliams v. Parker*, 362 Ga. App. 147, 147 (867 SE2d 151) (2021) (citation and punctuation omitted).

As a threshold matter, OCGA § 9-2-61 (a) provides as follows:

> When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . ; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

On appeal, Cummings argues that her original action was filed within the statute of limitations because the two-year statute of limitations would have expired on a Saturday, and under OCGA § 1-3-1 (d) (3), she had until the following Monday to file her lawsuit. We agree.

OCGA § 9-3-33 provides that actions for personal injury must be brought within two years after the right of action accrues. Under OCGA § 1-3-1 (d) (3), when a period of time prescribed for "the exercise of any privilege" is measured in years, "the first day shall not be counted but the last day shall be counted; and, if the last day falls on

2

Saturday or Sunday, the party having such privilege . . . shall have through the following Monday to exercise the privilege[.]" OCGA § 1-3-1 (d) (3) applies to personal injury actions governed by the two-year statute of limitation in OCGA § 9-3-33. *Infinite Energy, Inc. v. Pardue*, 310 Ga. App. 355, 362 (4) (713 SE2d 456) (2011); see generally *Gardner v. Hyster Co.*, 785 FSupp. 161, 162-163 (MDGa. 1992) (discussing this Court's history of applying amended OCGA § 1-3-1 (d) (3) to OCGA § 9-3-33); *Mohar v. Leguizamo*, 373 Ga. App. 230, 235-236 (1) (b) n.19 (907 SE2d 923) (2024) (where the two-year statute of limitation began running on February 8, 2018, it expired on February 10, 2020, since February 8, 2020, fell on a Saturday).

Here, Cummings was injured on August 12, 2021, and because August 12, 2023, fell on a Saturday, her complaint was timely filed on Monday, August 14, 2023. *Gullatt v. Omega Psi Phi Fraternity*, 248 Ga. App. 779, 779 (1) (546 SE2d 927) (2001) (holding that complaint was timely filed where the date two years after the accident fell on a Saturday, and plaintiff filed the complaint the following Monday).

Absent a court-ordered dismissal, Cummings' original action was not void and thus capable of renewal under OCGA § 9-2-61 (a).[1] *Hobbs v. Arthur*, 264 Ga. 359, 360

---

[1] It is undisputed that the renewal action was filed and served within six months of Cummings' voluntary dismissal as required.

(444 SE2d 322) (1994); accord *Sharpe v. McCartney*, 370 Ga. App. 329, 332 (897 SE2d 479) (2024).

We are unpersuaded by the cases First Transit relies on in support of the dismissal because these cases predate the adoption of the Official Code of Georgia Annotated in 1982 and the 1985 amendment of OCGA § 1-3-1 (d) (3). Given the unambiguous language of OCGA § 1-3-1 (d) (3),[2] cases applying an older, now-repealed version of the statute[3] are no longer controlling. See generally *Hinson v.*

---

[2] OCGA § 1-3-1 (d) (3) now provides, "when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty."

[3] The predecessor statute, Ga. Code Ann. § 102-102 (8), provided, "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise such privilege or to discharge such duty." Thus, unlike in OCGA § 1-3-1 (d) (3), the time was not extended "where the limitation [was] in terms of months or years," as in OCGA § 9-3-33. See *Allstate Ins. Co. v. Stephens*, 239 Ga. 717, 718 (238 SE2d 382) (1977). With the adoption of the Official Code of Georgia in 1982, Ga. Code Ann. § 102-1-2 (8) was replaced with OCGA § 1-3-1 (d) (3). And, until its amendment in 1985, OCGA § 1-3-1 (d) (3) provided that the date on which the accident occurred would be counted in computing the period of limitation; thus, a personal injury action was barred if filed on the second anniversary of the injury. *Weems v. Munson Transp.*, 210 Ga. App. 766, 766 (1) (437 SE2d 640) (1993).

*Castellio*, 168 Ga. App. 301, 302 (308 SE2d 705) (1983) (noting that the OCGA repealed the Code of 1933*); see also DeKalb County Bd. of Tax Assessors v. Barrett*, 361 Ga. App. 598, 605-606 (865 SE2d 192) (2021) ("when the General Assembly amends a statute after it has been interpreted by a court," it is "exercising its policymaking responsibility in response to the prior case" and the courts must re-evaluate the statute "out of deference to the Legislature's supremacy on statutory issues" (citations and punctuation omitted)).

We are further not convinced by First Transit's argument that Cummings, in her renewal complaint, "failed to show this action is a valid renewal and the first action was not void." As this Court has held,

> it is necessary for the renewal petition to show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under OCGA § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.

*Whitesell v. Ga. Power Co.*, 341 Ga. App. 279, 281 (1) (800 SE2d 370) (2017) (citation, punctuation, and emphasis omitted). In short, a renewal plaintiff needs to show "entitlement to file a renewal suit and that [she] followed the proper procedure." Id.

To this end, "[t]his Court and our Supreme Court have ruled that a plaintiff may make the requisite showing by proof outside the renewed complaint." *Belcher v. Folsom*, 258 Ga. App. 191, 192 (573 SE2d 447) (2002). And, when a renewal action has been filed in the same court as the original action, "the trial court [may] take judicial notice of the physical record from the original action in determining if the renewed action met the tests for renewal." Id. (citation omitted). Here, Cummings' "renewal action notice" included the caption and civil action number of the original action, the date of the filing of the original action, the date of the dismissal and that it was without prejudice. The caption she provided demonstrated that the parties in the prior action and the renewal action were identical; and she also stated that all costs of the previously dismissed action had been paid. While the renewal action did not include a statement that the action is based on the same cause as the previous action, and Cummings did not attach the original complaint or request the trial court to take judicial notice of the prior action, the trial court, in its order granting First Transit's motion to dismiss, explicitly referred to the prior action (and its dismissal) that had been filed in the same court, confirming all dates stated in the renewal action notice, and stating that the complaint filed in the first action and the complaint in the renewal

6

action "raise the same claims and causes of action against [First Transit]." Given our Supreme Court's policy of "look[ing] to substantial justice and judicial economy rather than strict compliance with procedural technicalities[,]" we hold that taken together, Cummings' renewal action notice and the trial court's order provide a sufficient showing of the validity of her renewal action. *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984).

Lastly, First Transit was not entitled to dismissal simply because Cummings did not timely[4] oppose its motion to dismiss. We have held that by failing to respond to

---

[4] Cummings filed a brief in opposition to First Transit's motion to dismiss on October 25, 2024, more than 30 days after First Transit filed and served its motion on September 9, 2024. See Uniform State Court Rule 6.2 ("[E]ach party opposing a motion shall serve and file a response . . . no later than 30 days after service of the motion, or on the date of the hearing (if one is held) whichever occurs sooner."). "The presence of the conditional language in the rule clearly gives the trial judge discretion regarding the period of time by which a party must respond to a motion in a civil case." *Hosley v. Davidson*, 211 Ga. App. 529, 530 (1) (439 SE2d 742) (1993) (citation and punctuation omitted). It does not give the court "unfettered authority to excuse late filings." Id. at 530-531 (1). Here, the trial court did not issue an order extending the 30-day period, therefore, the period for filing a response was 30 days, and the trial court would have been authorized to strike Cummings' response. See *Cogland v. Hosp. Auth.*, 290 Ga. App. 73, 75 (1) (658 SE2d 769) (2008) (because the response was "patently untimely" and without leave of court to be late-filed, trial court did not abuse its discretion when striking the response to motion to dismiss). While the trial court did not explicitly do so, given that the filing date of Cummings' response to the motion to dismiss coincided with the date on which the trial court entered its order, we cannot rule out the possibility that the response was not yet

a motion to dismiss for failure to state a claim, "a party . . . waives [its] right to present evidence in opposition to the motion[,]" but the motion should "not automatically . . . be granted." *Gullatt*, 248 Ga. App. at 780 (1) (citations and punctuation omitted). Such evidence is not required here, where "the fact that [August 14, 2023], was the Monday following [August 12, 2023], is not susceptible to contrary proof." Id. Therefore, the trial court erred to the extent it granted First Transit's motion to dismiss because "the [m]otion [was] unopposed" and the trial court had "no argument before it under which . . . [Cummings' original action] was timely filed such that this action [was] viable."[5] See *Gullatt*, 248 Ga. App. at 780 (1).

Because First Transit was not entitled to dismissal of the action solely because Cummings failed to timely file a response to First Transit's motion to dismiss, and because the first action was timely filed and the renewal action was valid, the trial court erred in dismissing Cummings' renewed complaint. See id.

*Judgment reversed. Doyle, P. J., and Markle, J., concur.*

---

available to the trial court when drafting its order.